ORIGINAL

1   DONALD F. ZIMMER, JR. (State Bar No. 112279)
2   KRISTA L. COSNER (State Bar No. 213338)
    DRINKER BIDDLE & REATH LLP
3   50 Fremont Street, 20th Floor
    San Francisco, California 94105
4   Telephone: (415) 591-7500
    Facsimile: (415) 591-7510

**FILED**

MAR 2 4 2008

5   Attorneys for Defendant
6   SMITHKLINE BEECHAM CORPORATION dba
    GLAXOSMITHKLINE

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                SAN FRANCISCO DIVISION

11

12  MARTHA ARRIOLA,                     Case No.

13              Plaintiff,              **DECLARATION OF KRISTA L.
                                        COSNER IN SUPPORT OF NOTICE
14       v.                             OF REMOVAL AND REMOVAL,
                                        UNDER 28 U.S.C. § 1441(b)
15  SMITHKLINE BEECHAM                  (DIVERSITY) and 28 U.S.C. § 1441(C)
    CORPORATION dba                     (FEDERAL QUESTION) OF
16  GLAXOSMITHKLINE; McKESSON           DEFENDANT SMITHKLINE
    CORPORATION; and DOES 1 through 15, BEECHAM CORPORATION dba
17  inclusive,                          GLAXOSMITHKLINE

18              Defendants.

19

20       I, KRISTA L. COSNER, declare:

21       1.    I am an attorney admitted to practice before all courts of the State of

22  California and am an Associate with Drinker Biddle & Reath, LLP, attorneys for

23  SMITHKLINE BEECHAM CORPORATION dba GLAXOSMITHKLINE ("GSK")

24  ("Defendant") in this action. I make this Declaration based on my personal knowledge,

25  in support of Defendant GSK's removal of *Martha Arriola v. SmithKline Beecham*

26  *Corporation d/b/a GlaxoSmithKline, et al.*, San Francisco Superior Court Case Number

27  CGC-08-473387, to this Court. I would and could competently testify to the matters

28  stated in this Declaration if called as a witness.

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\397365\1        DECLARATION OF KRISTA L. COSNER IN SUPPORT OF NOTICE OF REMOVAL AND REMOVAL        CASE NO.

Case 3:08-cv-01598-MHP    Document 3    Filed 03/24/2008    Page 2 of 39

2.     A true and accurate copy of the Complaint in this action is attached as **Exhibit A**.

3.     A true and accurate copy of the Defendant's Answer to the Complaint ("Answer") in this action is attached as **Exhibit B**. The Complaint and the Answer are the only state court pleadings known to Defendant to have been filed in this action.

4.     A true and accurate copy of the Judicial Panel on Multidistrict Litigation's ("JPML") Transfer Order, *In re Avandia Marketing, Sales Practices and Products Liability Litigation*, MDL 1871 (E.D.P.A.) is attached as **Exhibit C**.

5.     The Declaration of Greg Yonko In Support of Defendant's Notice of Removal and Removal Action Under 28 U.S.C. § 1441(b) (Diversity) and 28 U.S.C. § 1441(c) (Federal Question) in *F.C. Mitchell, et al. v. GlaxoSmithKline, et al.* is attached as **Exhibit D**.

6.     This is one of many cases that have been filed recently in both federal and state courts across the country involving the prescription drug Avandia.

7.     GSK intends to seek the transfer of this action to that Multidistrict Litigation, *In re Avandia Marketing, Sales Practices and Products Liability Litigation*, MDL 1871, and shortly will provide the JPML with notice of this action pursuant to the procedure for "tag along" actions set forth in the rules of the JPML.

8.     GSK is, and was at the time plaintiff commenced this action, a corporation organized under the laws of the Commonwealth of Pennsylvania with its principal place of business in Philadelphia, Pennsylvania, and therefore is a citizen of Pennsylvania for purposes of determining diversity.

9.     GSK has not been served with the Complaint in this matter.

///

///

///

///

///

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

2

SF1\397365\1                    DECLARATION OF KRISTA L. COSNER IN SUPPORT OF NOTICE OF REMOVAL AND REMOVAL                    CASE NO.

1      10.    I have been informed by a representative from McKesson that it has not

2  been served with this matter.

3      I declare under penalty of perjury under the laws of the United States of America that

4  the foregoing is true and correct. Executed on this 24 day of _March_____, 2008 in San

5  Francisco, California.

6

7                                              KRISTA L. COSNER

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

3

DECLARATION OF KRISTA L. COSNER IN SUPPORT OF NOTICE OF REMOVAL AND REMOVAL                    CASE NO.

**EXHIBIT A**

SUMMONS ISSUED
FILED
SUPERIOR COURT
COUNTY OF SAN FRANCISCO

2008 MAR 17 AM 10: 55

GORDON PARK - LI, CLERK

BY: _____
DEPUTY CLERK

1  NANCY HERSH, ESQ., State Bar No. 49091
2  MARK E. BURTON, JR., ESQ., State Bar No. 178400
   RACHEL ABRAMS, ESQ., State Bar No. 209316
3  CYNTHIA BROWN, ESQ., State Bar No. 248846
   HERSH & HERSH, A Professional Corporation
4  601 Van Ness Avenue, Suite 2080
   San Francisco, CA 94102-6388
5  Telephone: (415) 441-5544

**CASE MANAGEMENT CONFERENCE SET**

6  Attorneys for Plaintiff

AUG 1 5 2008 -9:00 AM

7

**DEPARTMENT 212**

8  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9  **SAN FRANCISCO COUNTY**    **IMAGED**

10  MAR 1 7 2008

11

12  MARTHA ARRIOLA,                    )  CASE NUMBER **CGC-08-473387**
                                       )
13          Plaintiff,                 )  **COMPLAINT FOR DAMAGES AND**
                                       )  **DEMAND FOR JURY TRIAL**
14  vs.                                )
                                       )  **[PRODUCTS LIABILITY]**
15  SMITHKLINE BEECHAM                 )
    CORPORATION d/b/a                  )  1. Strict Liability-Failure to Warn
16  GLAXOSMITHKLINE, McKESSON          )  2. Negligence
    CORPORATION, and DOES ONE          )  3. Breach of Implied Warranty
17  through FIFTEEN, inclusive,        )  4. Breach of Express Warranty
                                       )  5. Fraud
18          Defendants.                )  6. Fraud by Concealment
                                       )  7. Negligent Misrepresentation
19                                     )  8. Violations of the Consumer Legal
                                       )     Remedies Act (Civil Code §1750, *et seq.*)
20  _____  )

21

22  **DEMAND FOR JURY TRIAL**

23                          1.

24  Plaintiff herewith requests a trial by jury as to all issues of material fact.

25  **PARTIES**

26                          2.

27  Plaintiff MARTHA ARRIOLA is, and was, at all relevant times, a resident

28  of Nevada.

- 1 -
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

3.

Defendant GLAXOSMITHKLINE (GSK) is a corporation with its principal place of business at One Franklin Plaza, Philadelphia, Pennsylvania 19101. GSK makes a variety of prescription drugs including those for Diabetes Mellitus.

4.

Defendant SMITHKLINE BEECHAM CORPORATION is a U.S. CORPORATION d/b/a GLAXOSMITHKLINE in California.

5.

Defendant McKESSON CORPORATION ("McKESSON") is a corporation with its principal place of business at One Post Street, San Francisco, California 94104. At all times herein mentioned, Defendant McKESSON is, and was, engaged in the business of marketing, distributing, promoting, advertising and selling AVANDIA nationwide and in the State of California.

6.

Plaintiff does not know the true names of the Defendants, and each of them, sued herein as DOES ONE through FIFTEEN, inclusive. Plaintiff alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and caused the injuries and damages sustained by Plaintiff as herein alleged.

7.

In engaging in the conduct alleged herein, each Defendant acted as the agent for each of the other Defendants.

8.

Defendants SmithKlineBeecham, GlaxoSmithKline, Inc., McKesson and DOES ONE through FIFTEEN, inclusive, will hereafter be referred to as "Defendants".

9.

At all times relevant to this action, Defendants, and each of them, intentionally, recklessly and/or negligently concealed, suppressed, omitted, and misrepresented the risks, dangers, defects, and disadvantages of AVANDIA and advertised,

- 2 -

HERSHANDHERSH
A Professional Corporation

1    promoted, marketed, sold and distributed AVANDIA as a safe pharmaceutical when, in

2    fact, Defendants, and each of them, knew that AVANDIA were not safe for its intended

3    purposes and that AVANDIA would cause, and did cause, serious medical problems, and in

4    some patients, serious, permanent heart injury.

5                                                    10.

6                At all relevant times herein, Defendants, and each of them, at all times

7    relevant herein, designed, developed, manufactured, promoted, marketed, distributed,

8    tested, warranted and sold in interstate commerce (including California) AVANDIA.

9    Defendant McKesson has its principal place of business in San Francisco, California, and

10    all said Defendants, and each of them, do substantial business in the State of California,

11    advertise in California, receive substantial compensation and profits from sales of

12    AVANDIA in California.

## FACTUAL ALLEGATIONS

13

14                                                    11.

15                In May 1999, Defendants, and each of them, sought and obtained Food and

16    Drug Administration ("FDA") approval to market a drug manufactured, designed,

17    distributed and sold by Defendants, and each of them, to diabetics purported to increase

18    insulin sensitivity without causing serious effects, harm or injury.

19                                                    12.

20                Defendants, and each of them, as a result of strenuous marketing of said

21    drug, AVANDIA, were able to capture a significant share of the market and generate

22    billions of dollars in income and profit as a consequence.

23                                                    13.

24                Defendants, and each of them, have continued to reap substantial profits

25    from said drug, AVANDIA, from May of 1999 to the present. By at least September 2005,

26    Defendants, and each of them, knew, but had not disclosed, evidence from studies

27    conducted fro 1999 through 2005 that demonstrated adverse cardiac events in consumers

28    attributable to the drug. Although Defendants, and each of them, had an analysis of 42

- 3 -

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

HERSHANDHERSH
A Professional Corporation

1    patient studies of AVANDIA it failed to disclose the full results of the study to the FDA,

2    doctors, and patients. The complete results of the study were not provided to the FDA for

3    another year.

4                                              14.

5              During the year 2006, after the time the Defendants, and each of them, were

6    aware of the study results, Defendants, and each of them, increased their sales of

7    AVANDIA to a distribution of approximately 13 (thirteen) million prescriptions in the

8    United States. By way of example in 2006 a month's supply of AVANDIA cost between

9    $90 and $200. Thereby Defendants, and each of them, were able to generate sales of $2.2

10   billion of this drug in 2006.

11                                             15.

12             At all relevant times herein, AVANDIA was widely advertised by the

13   Defendants, and each of them, as an effective and safe treatment for diabetic patients. Said

14   Defendants, and each of them, minimized the risks posed to diabetic patients by ingestion

15   of AVANDIA. In August 2006, for the first time and as a result of external pressure,

16   Defendants, and each of them, disclosed full and complete results of the study (as in

17   paragraph 15 above) even though the Defendants, and each of them, were fully aware at

18   least since September 2005 of adverse cardiac events due to the drug AVANDIA. Said

19   Defendants, and each of them, concealed or minimized the known risks to diabetic patients

20   by ingestion of AVANDIA.

21                                             16.

22             In doing so the Defendants, and each of them, concealed the known risks to

23   diabetic patients and failed to warn of known and/or scientifically knowable dangers and

24   risks associated with ingestion of AVANDIA.

25                                             17.

26             Plaintiff MARTHA ARRIOLA was prescribed and took AVANDIA

27   commencing in 2000 and continuing through April 2007. As set above in paragraph 15 the

28   Defendants, and each of them, knew that the product was unsafe for diabetic patients in

                                           - 4 -

HERSHANDHERSH
A Professional Corporation

general and capable of causing and did cause adverse cardiac events in exposed patients. In spite of the knowledge of the dangerous characteristics of said drug, and with conscious disregard for the health and safety of the public and of exposed patients who were prescribed and took AVANDIA, Defendants, and each of them, placed said drug on the market intending it to be sold to and used by diabetic patients and knowing that said use would occur.

18.

Defendants, and each of them, continued with their sale of AVANDIA after the preliminary disclosure to the FDA in August 2006. Knowing that its drug caused adverse cardiac events and strokes and that the diabetic patient population was not informed of the dangers, Defendants, and each of them, continued to expand sales of AVANDIA to existing and new patients.

19.

On May 21, 2007, Dr. Steven Nissen, a prominent cardiologist associated with the Cleveland Clinic, published a study in the New England Journal of Medicine with his analysis of the 42 studies conducted since 1999. Dr. Nissen's study disclosed to the public the increased risk of congestive heart failure and heart attack by patients taking AVANDIA, dangers the Defendants, and each of them, had been aware of since at least 2005 and probably before.

20.

MARTHA ARRIOLA, while a resident of Henderson, Nevada, was initially prescribed AVANDIA in tablet form by her Family Practitioner beginning in 2000 and continuing until April 2007 when Defendants, and each of them, had failed to disclose to patients and their physicians the true dangers of adverse cardiac events caused by ingestion of the drug AVANDIA.

21.

At all times relevant herein, Defendants, and each of them, failed to provide sufficient warnings and instructions that would have put Plaintiff and the general public on

- 5 -

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

HERSHANDHERSH
A Professional Corporation

1    notice of the dangers and adverse effects caused by ingesting AVANDIA including,

2    without limitation, risk of heart attack, congestive heart failure, and stroke.

3                                           22.

4                AVANDIA as designed, manufactured, distributed, sold and/or supplied by

5    Defendants, and each of them, was defective as marketed due to inadequate warnings,

6    instructions, labeling and/or inadequate testing in the presence of Defendants', and each of

7    their, knowledge of lack of cardiovascular safety.

8                                           23.

9                Defendants, and each of them, thereby acted with fraud, malice, oppression

10   and a conscious disregard for Plaintiff and the general public's safety, who accordingly

11   requests that the trier of fact, in the exercise of sound discretion, award additional damages

12   for the sake of example and for the purpose of punishing the Defendants, and each of them,

13   for their conduct, in an amount sufficiently large to be an example to others and to deter the

14   Defendants, and each of them, and others from engaging in similar conduct in the future.

15   The aforesaid wrongful conduct was done with the advance knowledge, authorization,

16   and/or ratification of an officer, director, and/or managing agent of Defendants, and each of

17   them.

18                              **FIRST CAUSE OF ACTION**

19                          **[Strict Product Liability - Failure to Warn]**

20                                          24.

21               Plaintiff hereby incorporates by reference, as if fully set forth herein, each

22   and every allegation contained in Paragraphs 1-23, inclusive, of this Complaint.

23                                          25.

24               Defendants, and each of them, manufactured, sold and/or distributed

25   AVANDIA to Plaintiff MARTHA ARRIOLA to be used to increase insulin sensitivity

26   without causing serious effects, harm, or injury.

27                                          26.

28               At all times mentioned herein, AVANDIA was dangerous and presented a

                                          - 6 -

                COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**HERSHANDHERSH**
A Professional Corporation

1      substantial danger to diabetic patients and these risks and dangers were known or knowable

2      at the time of manufacture, sale or distribution to Plaintiff MARTHA ARRIOLA from 2000

3      through April 2007. Ordinary consumers would not have recognized the potential risks and

4      dangers that AVANDIA posed to cardiac patients because its uses were specifically

5      promoted to improve the health of diabetic patients. The AVANDIA was used in a way

6      reasonably foreseeable to all Defendants, and each of them, by Plaintiff MARTHA

7      ARRIOLA. Defendants, and each of them, failed to provide warnings of such risks and

8      dangers to Plaintiff MARTHA ARRIOLA as described herein.

9                                   27.

10            As a result of the defective dangerous condition of AVANDIA manufactured

11      and/or supplied by the Defendants, and each of them, Plaintiff MARTHA ARRIOLA

12      suffered chest pain and stroke resulting in permanent damage to her vision.

13                                   28.

14            As a result of Plaintiff MARTHA ARRIOLA's ingestion of the defective

15      AVANDIA, Plaintiff MARTHA ARRIOLA was caused to suffer the herein described

16      injuries.

17                                   29.

18            In doing the acts herein described, the Defendants, and each of them, acted

19      with oppression, fraud and malice, and Plaintiff is therefore entitled to punitive damages to

20      deter Defendants, and each of them, and others from engaging in similar conduct in the

21      future. Said wrongful conduct was done with advance knowledge, authorization and/or

22      ratification of an officer, director and/or managing agent of the Defendants, and each of

23      them.

24                                   30.

25            WHEREFORE, Plaintiff prays for judgment against Defendants, and each of

26      them, as hereinafter set forth.

27      ///

28      ///

-7-

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

HERSHANDHERSH
A Professional Corporation

## SECOND CAUSE OF ACTION

### [Negligence]

31.

Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation contained in Paragraphs 1-30, inclusive, of this Complaint.

32.

Defendants, and each of them, and their representatives were manufacturers and/or distributors of AVANDIA. At all times herein, Defendants, and each of them, had a duty to properly manufacture, compound, test, inspect, package, label, distribute, market, examine, maintain supply, provide proper warnings and prepare for use and sell the aforesaid product.

33.

Defendants, and each of them, so negligently and carelessly manufactured, compounded, tested, failed to test, inspected, failed to inspect, packaged, labeled, distributed, recommended, displayed, sold, examined, failed to examine and supplied aforesaid product, that it was dangerous and unsafe for the use and purpose for which it was intended, that is, increasing insulin sensitivity without causing serious injury, harm, or effect in Plaintiff and others similarly situated. As a result of the carelessness and negligence of Defendants, Plaintiff MARTHA ARRIOLA ingested the AVANDIA in the manner intended by the manufacturer, and, as a result, Plaintiff suffered the injuries and damages described herein.

34.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as hereinafter set forth.

### THIRD CAUSE OF ACTION

### [Breach of Implied Warranty]

35.

Plaintiff hereby incorporates by reference, as if fully set forth herein, each

- 8 -

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

HERSHANDHERSH
A Professional Corporation

1    and every allegation contained in Paragraphs 1-34, inclusive, of this Complaint.

2                                        36.

3          Defendants, and each of them, impliedly warranted that their AVANDIA,

4    which Defendants, and each of them, designed, manufactured, assembled, promoted, sold

5    and distributed to Plaintiff were merchantable and fit and safe for ordinary use.

6    Defendants, and each of them, further impliedly warranted that its AVANDIA was fit for

7    the particular purpose of increasing insulin sensitivity in diabetic patients without causing

8    serious harm, injury or effect.

9                                        37.

10         Defendants' AVANDIA was defective, unmerchantable, and unfit for

11   ordinary use when sold, and unfit for the particular purpose for which they were sold, and

12   subjected Plaintiff to severe and permanent injuries. Therefore, Defendants, and each of

13   them, breached the implied warranties of merchantability and fitness for a particular

14   purpose when AVANDIA was sold to Plaintiff, in that the AVANDIA is defective and has

15   failed to increase insulin sensitivity without serious harm in diabetic patients as represented

16   and intended.

17                                       38.

18         As a result of Defendants', and each of their, breach of the implied

19   warranties of merchantability and fitness for a particular purpose, Plaintiff MARTHA

20   ARRIOLA has sustained and will continue to sustain the injuries and damages described

21   herein and is therefore entitled to compensatory damages.

22                                       39.

23         After Plaintiff was made aware her injuries were a result of the aforesaid

24   product, AVANDIA, Defendants, and each of them, had ample and sufficient notice of

25   breach of said warranty.

26                                       40.

27         WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

28   ///

HERSHANDHERSH
A Professional Corporation

- 9 -

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**FOURTH CAUSE OF ACTION**

**[Breach of Express Warranty]**

41.

Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation contained in Paragraphs 1-40, inclusive, of this Complaint.

42.

Defendants, and each of them, expressly warranted to Plaintiff and/or her authorized agents or sales representatives, in publications, and other communications intended for medical patients, and the general public, that AVANDIA was safe, effective, fit and proper for its intended use.

43.

Plaintiff MARTHA ARRIOLA and Plaintiff's physicians reasonably relied upon the skill and judgment of Defendants, and each of them, and upon said express warranty, in using the aforesaid product. The warranty and representations were untrue in that the product caused severe injury to Plaintiff MARTHA ARRIOLA and was unsafe and, therefore, unsuited for the use in which it was intended and caused Plaintiff MARTHA ARRIOLA to sustain damages and injuries herein alleged.

44.

As soon as the true nature of the product, and the fact that the warranty and representations were false, were ascertained, said Defendants, and each of them, had ample and sufficient notice of the breach of said warranty.

45.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

**FIFTH CAUSE OF ACTION**

**[Fraud]**

46.

Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation contained in Paragraphs 1-45, inclusive, of this Complaint.

- 10 -

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

HERSHANDHERSH
A Professional Corporation

47.

Defendants, and each of them, falsely and fraudulently represented to Plaintiff MARTHA ARRIOLA, her physicians, and to members of the general public that the aforesaid product was safe, effective, reliable, consistent, and better than the other similar products due to its ability to increase insulin sensitivity without causing serious harm when used in the manner intended by the manufacturer. The representations by said Defendants, and each of them, were in fact, false. The true facts include, but are not limited to the fact that the aforesaid product was not safe to be used and was, in fact, dangerous to the health and body of Plaintiff MARTHA ARRIOLA.

48.

When the Defendants, and each of them, made these representations, they knew that they were false. Defendants, and each of them, made said representations with the intent to defraud and deceive Plaintiff MARTHA ARRIOLA, with the intent to induce plaintiff to act in the manner herein alleged, that is to use the aforementioned product for increasing insulin sensitivity.

49.

At the time Defendants, and each of them, made the aforesaid representations and Plaintiff MARTHA ARRIOLA took the actions herein alleged, Plaintiff and her physicians were ignorant of the falsity of these representations and reasonably believed them to be true. In reliance upon said representations, Plaintiff was induced to, and did, use the aforesaid product as herein described. If Plaintiff MARTHA ARRIOLA had known the actual facts, she would not have taken such action. The reliance of Plaintiff and her physicians upon Defendants', and each of their, representations were justified because said representations were made by individuals and entities who appeared to be in a position to know the true facts.

50.

As a result of Defendants', and each of them, fraud and deceit, Plaintiff was caused to sustain the herein described injuries and damages.

- 11 -

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

HERSHANDHERSH
A Professional Corporation



51.

In doing the acts herein alleged, the Defendants, and each of them, acted with oppression, fraud, and malice, and Plaintiff is therefore entitled to punitive damages to deter Defendants, and each of them, and others from engaging in similar conduct in the future. Said wrongful conduct was done with advance knowledge, authorization and/or ratification of an officer, director and/or managing agent of Defendants.

52.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## SIXTH CLAIM FOR RELIEF

### [Fraud by Concealment]

53.

Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation contained in Paragraphs 1-52, inclusive, of this Complaint.

54.

At all times mentioned herein, Defendants, and each of them, had the duty and obligation to disclose to Plaintiff and to her physicians, the true facts concerning the aforesaid product, AVANDIA, that is, that said product was dangerous and defective, lacking efficacy for its purported use and lacking safety in normal use, and how likely it was to cause serious consequences to users including serious and permanent injuries to the heart. Defendants, and each of them, made the affirmative representations as set forth above to Plaintiff and her physicians and the general public prior to the date AVANDIA was ingested by Plaintiff MARTHA ARRIOLA, while concealing material facts.

55.

At all times herein mentioned, Defendants, and each of them, willfully, and maliciously concealed facts as set forth above from Plaintiff and her physicians, and therefore, Plaintiff, with the intent to defraud as herein alleged.

56.

At all times herein mentioned, neither Plaintiff nor her physicians were

- 12 -

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

HERSHANDHERSH
A Professional Corporation

1  aware of the facts set forth above, and had they been aware of said facts, she would not
2  have acted as she did, that is, would not reasonably relied upon said representations of
3  safety and efficacy and utilized the AVANDIA for increasing insulin sensitivity.
4  Defendants', and each of their, representations were a substantial factor in Plaintiff utilizing
5  AVANDIA for increasing insulin sensitivity.

6                                              57.

7          As a result of the concealment of the facts set forth above, Plaintiff sustained
8  injuries as hereinafter set forth.

9                                              58.

10          In doing the action herein alleged, Defendants, and each of them, acted with
11  oppression, fraud, and malice and Plaintiff is therefore entitled to punitive damages in an
12  amount reasonably related to Plaintiff's actual damages, and to Defendant's wealth, and
13  sufficiently large to be an example to others, and to deter these Defendants, and each of
14  them, and others from engaging in similar conduct in the future.

15                                              59.

16          WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

17                              **SEVENTH CAUSE OF ACTION**

18                              **[Negligent Misrepresentation]**

19                                              60.

20          Plaintiff hereby incorporates by reference, as if fully set forth herein, each
21  and every allegation contained in Paragraphs 1-59, inclusive, of this Complaint.

22                                              61.

23          At all relevant times herein, Defendants, and each of them, represented to
24  Plaintiff MARTHA ARRIOLA and her physicians that the AVANDIA was safe to use to
25  increase insulin sensitivity knowing that the AVANDIA was defective in causing injuries
26  described herein.

27                                              62.

28          The Defendants, and each of them, made the aforesaid representations with

                                          - 13 -
                   COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

HERSHANDHERSH
A Professional Corporation

1    no reasonable ground for believing them to be true when Defendants', and each of their,

2    own data showed the AVANDIA to be defective and dangerous when used in the intended

3    manner.

4                                              63.

5              The aforesaid representations were made to the physicians prescribing

6    AVANDIA prior to the date it was prescribed to Plaintiff and her physicians with the intent

7    that Plaintiff and her physicians would rely upon such misrepresentations about the safety

8    and efficacy of AVANDIA. Plaintiff and her physicians did reasonably rely upon such

9    representations that the aforesaid product was safe for use to aid in the treatment of

10   increasing insulin sensitivity.

11                                             64.

12             The representations by said Defendants, and each of them, to Plaintiff were

13   false, and thereby caused Plaintiff's injuries described herein.

14                                             65.

15             WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

16                         **EIGHTH CAUSE OF ACTION**

17   **[Violations of the Consumer Legal Remedies Act, Civil Code §1750, *et seq*.]**

18                                             66.

19             Plaintiff MARTHA ARRIOLA hereby incorporates by reference, as if fully

20   set forth herein, each and every allegation contained in Paragraphs 1-84, inclusive, of this

21   Complaint.

22                                             67.

23             This Cause of Action is brought pursuant to the Consumer Legal Remedies

24   Act ("CLRA"), California Civil Code §1750, *et seq*.

25                                             68.

26             The policies, acts, and practices described above were intended to result in

27   the sale of AVANDIA to Plaintiff MARTHA ARRIOLA and the general public. These

28   actions violated, and continued to violate, the CLRA in at least the following respects:

                                            - 14 -
                COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**HERSHANDHERSH**
A Professional Corporation

1      (a)    In violation of §1770(a)(2), misrepresenting the source, sponsorship,

2  approval, or certification of AVANDIA;

3      (b)    In violation of §1770(a)(5), representing that the AVANDIA has

4  sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that it does

5  not have;

6      (c)    In violation of §1770(a)(7), representing that the AVANDIA is of a

7  particular standard, quality, or grade;

8          69.

9      In compliance with the CLRA provision in California Civil Code §1782,

10  Plaintiff have given written notice to each Defendant named in this Complaint of his

11  intention to file an action for damages under Civil Code §1750, *et seq.*

12          70.

13      Plaintiff notified Defendants, and Defendants have failed, within 30 days

14  after receipt of the Civil Code §1782 notice, to adequately respond to Plaintiff's demand to

15  correct, repair, replace, or otherwise rectify the wrongful conduct described above. Per

16  Civil Code §1782(b), this action for damages under Civil Code §1780 may be maintained

17  because Defendants, and each of them, failed to give, or agree to give within a reasonable

18  time, any appropriate correction, repair, replacement, or other remedy to Plaintiff within 30

19  days after receipt of the §1782 notice.

20          71.

21      Plaintiff seeks actual and punitive damages for violations of the CLRA. In

22  addition, Plaintiff is entitled to, pursuant to California Civil Code §1780(a)(2), an order

23  enjoining the above-described wrongful acts and practices, restitution to Plaintiff

24  MARTHA ARRIOLA, costs and attorneys' fees, and any other relief deemed appropriate

25  and proper by the Court and under Civil Code §1780.

26  **PRAYER FOR RELIEF**

27          72.

28      Plaintiff prays that a judgment be entered in favor of Plaintiff in such

- 15 -
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1 | aggregate sum as will fairly and reasonably compensate Plaintiff for damages arising out of
2 | the conduct of Defendants, and each of them, as described herein.   The conduct of
3 | Defendants, and each of them, as alleged herein, was a direct, proximate and producing
4 | cause of the damages to Plaintiff and the following general and specific damages:

5 |       1.     For general damages in a sum within the jurisdiction of this Court;

6 |       2.     For medical, hospital, and incidental expenses, according to proof;

7 |       3.     For loss of earnings and for loss of earning capacity, according to
8 | proof;

9 |       4.     For punitive or exemplary damages;

10 |       5.     For such other relief as the Court deems just and proper.

DATED:   March 17, 2008.

HERSH & HERSH
A Professional Corporation


By_____
     RACHEL ABRAMS
     Attorneys for Plaintiff

HERSHANDHERSH
A Professional Corporation

- 16 -
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**EXHIBIT  B**

1  DONALD F. ZIMMER, JR. (State Bar No. 112279)
2  KRISTA L. COSNER (State Bar No. 213338)
   DRINKER BIDDLE & REATH LLP
3  50 Fremont Street, 20ᵗʰ Floor
   San Francisco, California 94105
4  Telephone: (415) 591-7500
   Facsimile: (415) 591-7510

5  Attorneys for Defendant
   SMITHKLINE BEECHAM CORPORATION dba
6  GLAXOSMITHKLINE

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         FOR THE COUNTY OF SAN FRANCISCO

10

11  MARTHA ARRIOLA,                        Case No. CGC-08-473387

12                Plaintiff,               ANSWER TO COMPLAINT BY
                                           DEFENDANT SMITHKLINE
13          v.                             BEECHAM CORPORATION dba
                                           GLAXOSMITHKLINE
14  SMITHKLINE BEECHAM
    CORPORATION dba
15  GLAXOSMITHKLINE; McKESSON
    CORPORATION; and DOES 1 through 15,
16  inclusive,

17                Defendants.

18

19                            **INTRODUCTION**

20       Defendant SMITHKLINE BEECHAM CORPORATION dba

21  GLAXOSMITHKLINE ("GSK") by and through counsel, hereby responds to the

22  allegations set forth by MARTHA ARRIOLA ("Plaintiff") in her Complaint for Damages

23  (the "Complaint") as follows:

24                           **GENERAL DENIAL**

25       By virtue of the provisions of California Code of Civil Procedure §431.30,

26  Defendant generally denies each and every allegation in the unverified Complaint that

27  relates to or is directed to Defendant or any of its alleged agents, servants or employees.

28  Defendant further denies that Plaintiff has been damaged to any extent or amount or is

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

ENDORSED
**F I L E D**
Superior Court of California
County of San Francisco

MAR 2 1 2008

**GORDON PARK-LI, Clerk**
BY:_____MARY ANN MORANI_____
                    Deputy Clerk

1    entitled to any relief whatsoever from Defendant.

2    Defendant additionally denies that there is any law, fact, theory or contractual or

3    legal relationship under which Plaintiff is entitled to damages in any amount by this

4    answering Defendant.

5    Defendant further alleges the following affirmative defenses to Plaintiff's

6    Complaint:

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (Improper Venue)

10    Venue is improper.

### SECOND AFFIRMATIVE DEFENSE

#### (Insufficiency of Process and Insufficiency of Service of Process)

13    Process and service of process are insufficient under California law.

### THIRD AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

16    Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### FOURTH AFFIRMATIVE DEFENSE

#### (Preemption/Primary Jurisdiction)

19    Plaintiff's claims are barred and/or this Court should defer this matter, in whole or

20    in part, pursuant to the doctrine of primary jurisdiction, in that the FDA is charged under

21    the law with regulating prescription drugs, including Avandia®, and is specifically

22    charged with determining the content of the warnings and labeling for prescription drugs.

23    The granting of the relief prayed for in the Plaintiff's Complaint would impede, impair,

24    frustrate or burden the effectiveness of such federal law and would violate the Supremacy

25    Clause (Art. VI, cl. 2) of the United States Constitution.

### FIFTH AFFIRMATIVE DEFENSE

#### (Statute of Limitations/Repose)

28    Discovery may show that Plaintiff's claims are barred, in whole or in part, by

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

2

1 || applicable statutes of limitations, statutes of repose, the doctrine of laches and/or as a
2 || result of the failure to allege and/or comply with conditions precedent to applicable
3 || periods of limitations and repose.

### SIXTH AFFIRMATIVE DEFENSE

#### (Assumption of Risk)

6 || Plaintiff knowingly and voluntarily assumed any and all risks as to matters alleged
7 || in the Complaint, and such assumption of the risk bars in whole or in part the damages
8 || Plaintiff seeks to recover herein.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Contributory/Comparative Negligence)

11 || At all times mentioned herein, Plaintiff was negligent, careless, and at fault and
12 || conducted herself so as to contribute substantially to any alleged risk of injuries and
13 || damages. Said negligence, carelessness and fault of Plaintiff bars in whole or in part the
14 || damages which Plaintiff seeks to recover herein.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Equitable Defenses)

17 || Plaintiff's claims are barred by the doctrine of laches, estoppel, waiver, unclean
18 || hands and/or failure to preserve evidence.

### NINTH AFFIRMATIVE DEFENSE

#### (Improper Party Defendant)

21 || McKesson is not a proper party defendant to this action. McKesson was not
22 || involved with Avandia®, a product of GSK.

### TENTH AFFIRMATIVE DEFENSE

#### (Intervening, Superseding Cause)

25 || The damages allegedly sustained by Plaintiff, if any, were not legally caused by
26 || Defendant, but instead were legally caused by intervening and superseding causes or
27 || circumstances.

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\397366\1

3

## ELEVENTH AFFIRMATIVE DEFENSE

### (Pre-existing Condition or Idiosyncratic Reaction)

The risk of injuries, if any, resulted from a pre-existing and/or related medical condition and/or idiosyncratic reaction and not from any act or omission by or on behalf of Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

### (Fault of Others)

Plaintiff's alleged injuries, losses, or damages, if any, were caused by the actions negligence, carelessness, fault, strict liability, or omissions of third parties for which Defendant has no control or responsibility.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Learned Intermediary)

Plaintiff's claims are barred in whole or in part by the learned-intermediary doctrine.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Compliance with FDA Regulations)

At all times relevant, the product was in accordance with and pursuant to all applicable statutes and regulations, including those of the Food and Drug Administration.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Immunity for Prescription Drugs and Medical Devices)

The Complaint and each cause of action thereof are barred by the doctrine of immunity for prescription drugs and medical devices, by the Commerce Clause, Article I, Section 8, of the Constitution of the United States as an undue burden upon interstate commerce and/or by the preemption doctrine in that Plaintiff has asserted claims for relief which, if granted, would constitute an impermissible burden by this court on federal laws, regulations and policy relating to the development and marketing of prescription drugs and medical devices in violation of the Supremacy Clause, Article IV, Clause 2 of the Constitution of the United States.

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\3973661\1

4

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Restatements of Torts)

Defendant affirmatively pleads the application of the Restatement (Second) of Torts: Products Liability § 402A and comments thereto, and/or the Restatement (Third) of Torts: Products Liability §§ 2, 4 and 6 and comments thereto. Adequate warnings and complete warnings were provided to Plaintiff's prescribing physician, and therefore, the product was not defective or unreasonably dangerous.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (State of the Art)

At all times material hereto, Defendant's conduct and GSK's product, Avandia®, conformed to the state of the art.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Limitations on Punitive Damages)

With respect to Plaintiff's demand for punitive or exemplary damages, Defendant specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damages awards, including but not limited to, those standards of limitation which arose in *BMW of North America v. Gore*, 517 U.S. 559 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), and *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003), and *Philip Morris USA v. Williams*, 127 S.Ct. 1057 (2007).

## NINETEENTH AFFIRMATIVE DEFENSE

### (Punitive and Exemplary Damages Not Proper)

Plaintiff's claim for punitive damages violates, and it is therefore barred by, the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America on grounds including the following:

a.    it is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

5

SF1\3973665\1

1    of proof which is less than the "beyond a reasonable doubt" burden of proof required in
2    criminal cases;

3        b.      the procedures pursuant to which punitive damages are awarded may result
4    in the award of joint and several judgments against multiple Defendants for different
5    alleged acts of wrongdoing, which infringes upon the Due Process and Equal Protection
6    Clauses of the Fourteenth Amendment to the United States Constitution; .

7        c.      the procedures pursuant to which punitive damages are awarded fail to
8    provide a reasonable limit on the amount of the award against defendant, which thereby
9    violates the Due Process Clause of the Fourteenth Amendment to the United States
10   Constitution;

11       d.      the procedures pursuant to which punitive damages are awarded fail to
12   provide specific standards for the amount of the award of punitive damages which
13   thereby violates the Due Process Clause of the Fourteenth Amendment to the United
14   States Constitution;

15       e.      the procedures pursuant to which punitive damages are awarded result in
16   the imposition of different penalties for the same or similar acts, and thus violate the
17   Equal Protection Clause of the Fourteenth Amendment to the United States Constitution;

18       f.      the procedures pursuant to which punitive damages are awarded permit the
19   imposition of punitive damages in excess of the maximum criminal fine for the same or
20   similar conduct, which thereby infringes upon the Due Process Clause of the Fifth and
21   Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment
22   to the United States Constitution;

23       g.      the procedures pursuant to which punitive damages are awarded permit the
24   imposition of excessive fines in violation of the Eighth Amendment to the United States
25   Constitution;

26       h.      the award of punitive damages to plaintiff in this action would constitute a
27   deprivation of property without due process of law; and

28

1      i.    the procedures pursuant to which punitive damages are awarded permit the

2  imposition of an excessive fine and penalty.

3  ### TWENTIETH AFFIRMATIVE DEFENSE

4  ### (No Failure to Warn)

5  Defendant at all times discharged any duty to warn through appropriate and

6  adequate warnings in accordance with federal statutes and regulations and with the then-

7  existing states of medical and scientific knowledge.

8  ### TWENTY-FIRST AFFIRMATIVE DEFENSE

9  ### (Failure to Plead Fraud with Particularity)

10  Plaintiff has failed to plead a cause of action for fraud as she has not set forth

11  allegations of fraud with the requisite particularity.

12  ### TWENTY-SECOND AFFIRMATIVE DEFENSE

13  ### (Product Safety)

14  At all times relevant, Avandia® was not unreasonably dangerous or defective.

15  ### TWENTY-THIRD AFFIRMATIVE DEFENSE

16  ### (Failure to Join Necessary Party)

17  Complete relief cannot be accorded among those already parties and, in the

18  alternative, the disposition of this action without the presence of additional, unnamed

19  persons may result in Defendant being subject to a substantial risk of incurring double,

20  multiple, or otherwise inconsistent obligations.

21  ### TWENTY-FOURTH AFFIRMATIVE DEFENSE

22  ### (Set Off)

23  Defendant pleads as a set off any monies received by Plaintiff for injuries or

24  damages attributed to the subject incident, including, but not limited to, any insurance

25  proceeds.

26  ### TWENTY-FIFTH AFFIRMATIVE DEFENSE

27  ### (Lack of Causation)

28  Defendant asserts that its conduct did not cause, proximately cause, solely cause,

1    or solely proximately cause the injuries and/or damages alleged by Plaintiff.

2    ### TWENTY-SIXTH AFFIRMATIVE DEFENSE

3    ### (Good Faith)

4    Defendant's acts were at all times done in good faith and without malice, with

5    respect to each and every purported cause of action in Plaintiff's Complaint.

6    ### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

7    ### (Unintentional Acts)

8    Any alleged act or omission by Defendant concerning the manufacture,

9    distribution, marketing, and/or sale of Avandia® and/or any other conduct in relation

10   thereto was at all times unintentional and resulted from a bona fide error notwithstanding

11   the use of reasonable procedures adopted to avoid any such error, and Defendant made an

12   appropriate correction, repair, replacement, or remedy to the goods once notified of the

13   error.

14   ### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

15   ### (Conformity with Medical Knowledge)

16   With respect to each and every purported cause of action in Plaintiff's Complaint,

17   Defendant alleges that the methods, standards, and techniques in the preparation of

18   GSK's product, Avandia®, were and are in conformity with the generally recognized

19   state of medical knowledge, common and accepted procedure in the medical field, and

20   state of the art at the time of their preparation.

21   ### TWENTY-NINTH AFFIRMATIVE DEFENSE

22   ### (Equitable Indemnity)

23   In the event Defendant is held liable to Plaintiff, which liability is expressly

24   denied, and any other entity is also found liable, Defendant is entitled to a percentage

25   contribution of the total liability from said entity in accordance with principles of

26   equitable indemnity and comparative contribution.

27

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\3973661\1

8

1

## THIRTIETH AFFIRMATIVE DEFENSE

2

### (Proposition 51)

3          The liability of Defendant, if any, for Plaintiff's non-economic loss must be

4    apportioned in accordance with the provisions of California Civil Code § 1431.2

5    ("Proposition 51").

6

## THIRTY-FIRST AFFIRMATIVE DEFENSE

7

### (Failure to Mitigate Damages)

8          Plaintiff's damages, if any, are barred in whole or in part by Plaintiff's failure to

9    mitigate such damages.

10

## THIRTY-SECOND AFFIRMATIVE DEFENSE

11

### (No Notice of Breach of Warranty)

12          Plaintiff failed to give notice of any alleged breach of warranty.

13

## THIRTY-THIRD AFFIRMATIVE DEFENSE

14

### (Disclaimer of Warranty)

15          Defendant alleges that any and all warranties that may form a basis for Plaintiff's

16    claims for relief were adequately disclaimed as stated by Defendant.

17

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

18

### (No Reliance on Warranties)

19          Defendant denies that Plaintiff relied on any warranties alleged in the Complaint.

20

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

21

### (Unavoidable Circumstances)

22          The alleged injuries and/or damages of Plaintiff, if any, were the result of

23    unavoidable circumstances that could not have been prevented by anyone.

24

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

25

### (Misuse)

26          If Plaintiff sustained injuries or risk of injuries in this action, which allegations are

27    expressly denied, the injuries or risk of injuries were solely caused by and attributable to

28    the unintended, unreasonable, and improper use which Plaintiff made of the product.

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

9

1

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

2

### (No Strict Liability for Prescription Drugs)

3      The strict liability causes of action of Plaintiff's Complaint are subject to the

4   limitations placed upon the doctrine of strict product liability for a purported design

5   defect as set forth in *Brown v. Superior Court*, 44 Cal. 3d. 1049 (1988) and its progeny.

6

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

7

### (*Buckman v. Plaintiff's Legal Community*)

8      To the extent Plaintiff's claims are based on alleged misrepresentations or

9   omissions made to the FDA, such claims are barred pursuant to *Buckman v. Plaintiff's*

10  *Legal Community*, 531 U.S. 341 (2001).

11

## THIRTY-NINTH AFFIRMATIVE DEFENSE

12

### (Standing)

13      Plaintiff lacks standing to bring some or all of the claims alleged in the Complaint.

14

## FORTIETH AFFIRMATIVE DEFENSE

15

### (Unconstitutional Claims)

16      Defendant alleges that granting Plaintiff's requested relief under the Consumers

17  Legal Remedies Act, California Civil Code § 1750 et seq. ("CLRA"), would violate

18  Defendant's rights under the United States and California constitutions.

19

## FORTY-FIRST AFFIRMATIVE DEFENSE

20

### (Adequate Remedy at Law)

21      Plaintiff's causes of action under the CLRA, California Civil Code §1750, et seq.,

22  and the remedies sought thereunder, are barred because there is an adequate remedy at

23  law.

24

## FORTY-SECOND AFFIRMATIVE DEFENSE

25

### (Failure to Give Preliminary Notice)

26      Plaintiff has failed to comply with the CLRA notice requirements of California

27  Civil Code § 1782.

28

1    ## FORTY-THIRD AFFIRMATIVE DEFENSE

2    ### (Choice of Law)

3    (a)    Plaintiff's claims are not governed by the laws of the State of California.

4    (b)    Defendant is entitled to the benefit of all defenses and presumptions

5    contained in, or arising from, any rule of law or statute of any other state whose

6    substantive law might control the action.

7    ## FORTY-FOURTH AFFIRMATIVE DEFENSE

8    ### (Other Defenses)

9    Defendant hereby gives notice that it intends to rely upon any other affirmative

10    defenses pled by any other defendant and not pled by itself in this action to the extent

11    they do not conflict with Defendant's own affirmative defenses. Defendant reserves its

12    right to amend its Answer to assert any additional defenses and matters in avoidance that

13    may be disclosed during the course of additional investigation and discovery.

14    ## JURY DEMAND

15    Defendant requests a trial by jury of this matter.

16    ## PRAYER FOR RELIEF

17    WHEREFORE, Defendant prays:

18    1.    That the Complaint be dismissed with prejudice as to the answering

19    Defendant and that judgment be entered in its favor;

20    2.    For costs of suit incurred herein;

21    3.    And for such other relief as the Court may deem just and appropriate.

22

23    Dated: March 2|, 2008                    DRINKER BIDDLE & REATH LLP

24

25                                            DONALD F. ZIMMER, JR.
                                             KRISTA L. COSNER

26                                            Attorneys for Defendant
                                             SMITHKLINE BEECHAM
27                                            CORPORATION dba
                                             GLAXOSMITHKLINE
28

1

## CERTIFICATE OF SERVICE

2          I, LEE ANN L. ALLDRIDGE, declare that:

3          I am at least 18 years of age, and not a party to the above-entitled action. My

4    business address is 50 Fremont Street, 20th Floor, San Francisco, California 94105,

5    Telephone: (415) 591-7500.

6          On March 21, 2008, I caused to be served the following document(s):

7    **ANSWER TO COMPLAINT BY DEFENDANT SMITHKLINE BEECHAM
         CORPORATION dba GLAXOSMITHKLINE**
8

9    by enclosing a true copy of (each of) said document(s) in (an) envelope(s), addressed as
     follows:

10   ☑    BY MAIL: I am readily familiar with the business' practice for collection and
          processing of correspondence for mailing with the United States Postal Service. I
11        know that the correspondence is deposed with the United States Postal Service on
          the same day this declaration was executed in the ordinary course of business. I
12        know that the envelope was sealed, and with postage thereon fully prepaid, placed
          for collection and mailing on this date, following ordinary business practices, in the
13        United States mail at San Francisco, California.

14   ☐    BY PERSONAL SERVICE: I caused such envelopes to be delivered by a
          messenger service by hand to the address(es) listed below:
15

16   ☐    BY OVERNIGHT DELIVERY: I enclosed a true copy of said document(s) in a
          Federal Express envelope, addressed as follows:

17   ☐    BY FACSIMILE: I caused such documents to be transmitted by facsimile
          transmission and mail as indicated above.
18

19   Nancy Hersh
     Mark E. Burton, Jr.
20   Rachel Abrams
     Cynthia Brown
21   HERSH & HERSH
     601 Van Ness Avenue, Suite 2080
22   San Francisco, CA 94102
     Telephone: (415) 441-5544

23

24          I declare under penalty of perjury under the laws of the State of California that the

25   above is true and correct. Executed on March 21, 2008 at San Francisco, California.

26                                              LEE ANN L. ALLDRIDGE

27

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\397380\1                              CERTIFICATE OF SERVICE

**EXHIBIT  C**

10/15/2007 18:21 FAX 202502    JPEL    ☐002

## MDL 1871

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

7:23 am, Oct 15, 2007

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE: AVANDIA MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION
Sharon Ann Deboe v. GlaxoSmithKline, Inc.,         )
E.D. Louisiana, C.A. No. 2:07-5041                  )    MDL No. 1871
Celenio Cruz-Santana v. GlaxoSmithKline, PLC, et al., )
D. Puerto Rico, C.A. No. 3:07-1461                  )

### TRANSFER ORDER

Before the entire Panel: Plaintiff in the action pending in the Eastern District of Louisiana, has moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the District of Puerto Rico or, alternatively, in the Eastern District of Louisiana. This litigation currently consists of moving plaintiff's action and one action pending in the District of Puerto Rico.[1] Plaintiff in the latter action supports centralization in the District of Puerto Rico. Plaintiffs in potential tag-along actions pending in the Central District of California, the Southern District of Florida, the District of New Jersey, the Southern District of New York, and the District of Puerto Rico have submitted responses in support of centralization. These plaintiffs suggest a variety of fora for transferee district, including the Southern District of Florida (favored by plaintiffs in the action pending in that district), the District of New Jersey (favored by plaintiff in the action pending in that district, as well as plaintiff in the Central District of California action), the Southern District of New York (favored by plaintiffs in eight actions pending in that district), and the District of Puerto Rico (favored by plaintiffs in the action pending in that district). Responding defendant SmithKlineBeecham Corp. d/b/a GlaxoSmithKline (GSK) initially opposed the Section 1407 motion, but now supports centralization in the Eastern District of Pennsylvania.

---

\* Judge Heyburn took no part in the disposition of this matter.

[1] The Panel has been notified of 23 additional related actions pending in the Western District of Arkansas, the Central District of California (two actions), the Southern District of Florida (two actions), the Southern District of Illinois, the Southern District of Indiana, the Eastern District of Louisiana, the District of New Jersey, the Eastern District of New York, the Southern District of New York (ten actions), the Northern District of Ohio, the Eastern District of Oklahoma, the Eastern District of Pennsylvania, the District of Puerto Rico, the Eastern District of Tennessee, the Western District of Tennessee, and the Eastern District of Texas (two actions). These actions and any other related actions will be treated as potential tag-along actions. See Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

## OFFICIAL FILE COPY

IMAGED OCT 1 6 2007

10/18/2007 16:21 FAX 202802      JPML      @003

-2-

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Both actions arise from allegations that certain diabetes drugs manufactured by GSK – Avandia and/or two sister drugs containing Avandia (Avandamet and Avandaryl) – caused an increased risk of heart attack and other physical injury, and that GSK failed to provide adequate warnings concerning that risk. Centralization under Section 1407 will eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We are also persuaded that the Eastern District of Pennsylvania is an appropriate transferee district for pretrial proceedings in this litigation. GSK's principal place of business is located in that district, and thus many witnesses and documents relevant to the litigation are likely to be found there. In addition, one of the potential tag-along actions was commenced in the Eastern District of Pennsylvania.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the two actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Cynthia M. Rufe for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

D. Lowell Jensen
Acting Chairman

John G. Heyburn II, Chairman*      J. Frederick Motz
Robert L. Miller, Jr.              Kathryn H. Vratil
David R. Hansen                    Anthony J. Scirica

**EXHIBIT  D**

<pre>
 1  DONALD F. ZIMMER, JR. (State Bar No. 112279)
    KRISTA L. COSNER (State Bar No. 213338)
 2  DRINKER BIDDLE & REATH LLP
    50 Fremont Street, 20th Floor
 3  San Francisco, California  94105
    Telephone: (415) 591-7500
 4  Facsimile: (415) 591-7510

 5  Attorneys for Defendants
    SMITHKLINE BEECHAM CORPORATION dba
 6  GLAXOSMITHKLINE and McKESSON
    CORPORATION
 7
</pre>

8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11

| | |
|---|---|
| F.C. MITCHELL and MITSUKO MITCHELL, husband and wife; MARY RYON and JAMES RYON, wife and husband; CARL HOUSTON and ALICE HOUSTON, husband and wife; JOSEPH WOODS, SR. and BILLIE WOODS, husband and wife; DONALD WINTERS and KELLEY WINTERS, husband and wife; RAY STOCK, as surviving statutory beneficiary for the wrongful death of JOLENE STOCK; WILMA POLLARD, as surviving statutory beneficiary for the wrongful death of KENNETH POLLARD, <br><br> Plaintiffs, <br><br> v. <br><br> GLAXOSMITHKLINE, a Pennsylvania corporation; MCKESSON CORPORATION, a California Corporation; and DOES 1-50, <br><br> Defendants. | Case No. <br><br> **DECLARATION OF GREG YONKO IN SUPPORT OF NOTICE OF REMOVAL AND REMOVAL ACTION, UNDER 28 U.S.C. § 1441(B) (DIVERSITY) and 28 U.S.C. § 1441(C) (FEDERAL QUESTION) OF DEFENDANT SMITHKLINE BEECHAM CORPORATION dba GLAXOSMITHKLINE** |

I, GREG YONKO, declare:

1.      I am Senior Vice President - Purchasing for McKesson Corporation

("McKesson"), and make this declaration in support of the Notice of Removal and

Removal Action of defendant SmithKline Beecham Corporation dba GlaxoSmithKline

1    ("GSK") based on my personal knowledge.

2        2.    I have been in my current position since 1997, and have been employed by

3    McKesson for over 25 years. As Vice President of Purchasing, I am responsible for

4    purchasing prescription and non-prescription branded product management and

5    investment purchasing.

6        3.    McKesson was and is a Delaware corporation, with its principal place of

7    business in San Francisco, California.

8        4.    McKesson was served with the Summons and Complaint in this action on

9    February 11, 2008.

10       5.    McKesson consents to the removal of this action.

11       6.    McKesson is a wholesale distributor of pharmaceuticals, over-the-counter

12   and health and beauty products to chains, independent pharmacy customers and hospitals.

13   As a wholesale distributor, McKesson distributes products manufactured by others. As to

14   Avandia®, McKesson does not manufacture, produce, process, test, encapsulate, label, or

15   package, these products, nor does it make any representations or warranties as to the

16   product's safety or efficacy.

17       7.    McKesson distributed Avandia®, manufactured by GSK, along with many

18   other products of other pharmaceutical companies, to certain drug stores, pharmacies,

19   health care facilities and hospitals throughout the United States. As stated above,

20   McKesson did not manufacture, produce, process, test, encapsulate, label, or package

21   Avandia®, but only delivered the unopened boxes that contained the drug.

22       8.    McKesson is one of many suppliers who could have supplied Avandia® to

23   the numerous pharmacies throughout the United States.

24       I declare under penalty of perjury under the laws of the State of California that the

25   foregoing is true and correct, and this declaration was executed on March $5$, 2008 in

26   San Francisco, California.

27

28                                            GREG YONKO

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

2

DECLARATION OF GREG YONKO IN SUPPORT OF REMOVAL                    CASE NO.