1   DONALD F. ZIMMER, JR. (State Bar No. 112279)
    KRISTA L. COSNER (State Bar No. 213338)
2   DRINKER BIDDLE & REATH LLP
    50 Fremont Street, 20th Floor
3   San Francisco, California 94105
    Telephone: (415) 591-7500
4   Facsimile: (415) 591-7510

5   Attorneys for Defendant
    SMITHKLINE BEECHAM CORPORATION dba
6   GLAXOSMITHKLINE

7

8                   UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11

12  MARTHA ARRIOLA,                          Case No. CV-08-01598 BZ

13              Plaintiff,                    **AMENDED AND CORRECTED
                                              NOTICE OF REMOVAL AND
14        v.                                  REMOVAL ACTION UNDER 28 U.S.C.
                                              § 1441(B) (DIVERSITY) and 28 U.S.C. §
15  SMITHKLINE BEECHAM                        1441(C) (FEDERAL QUESTION) OF
    CORPORATION dba                           DEFENDANT SMITHKLINE
16  GLAXOSMITHKLINE; McKESSON                 BEECHAM CORPORATION dba
    CORPORATION; and DOES 1 through 15,       GLAXOSMITHKLINE**
17  inclusive,

18              Defendants.

19

20  **TO THE CLERK OF THE COURT:**

21        Defendant SMITHKLINE BEECHAM CORPORATION dba

22  GLAXOSMITHKLINE ("GSK"), hereby submits its Amended and Corrected Notice of

23  Removal and Removal, whereby it removes to this court the state court action described

24  below. At the time of the filing of the original Notice of Removal and Removal, GSK's

25  information indicated that defendant McKESSON CORPORATION ("McKesson") had

26  not yet been served with the Complaint; however, GSK has since learned that McKesson

27  was served prior to the original removal. Accordingly, GSK now files this Amended and

28  Corrected Notice of Removal and Removal.

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

1    Removal is warranted under 28 U.S.C. § 1441 because this is an action over which

2    this Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1332.

3    **I.    BACKGROUND**

4    1.    On March 17, 2008, Plaintiff Martha Arriola ("Plaintiff"), represented by

5    Hersh & Hersh of San Francisco, California, commenced this action in the Superior

6    Court of the State of California for the County of San Francisco. A true and correct copy

7    of the Complaint in the action is attached as Exhibit "A" to the Declaration of Krista L.

8    Cosner in Support of Amended and Corrected Notice of Removal and Removal Action

9    under 28 U.S.C. § 1441(b) (Diversity) and 28 U.S.C. § 1441(c) (Federal Question) of

10   Defendant SmithKline Beecham Corporation dba GlaxoSmithKline (hereinafter "Cosner

11   Decl.").

12   2.    Defendant McKesson was served with Plaintiff's Complaint on March 17,

13   2008. Defendant GSK has not yet been served. Cosner Decl. ¶¶ 9-10.

14   3.    Defendant GSK filed its answer to the Plaintiff's Complaint on March 21,

15   2008. A true and correct copy of the Answer in the action is attached as Exhibit "B" to

16   Cosner Decl. Defendant GSK filed its initial Notice of Removal and Removal on March

17   24, 2008. There have been no additional proceedings in the state court action. Cosner

18   Decl. ¶ 3.

19   4.    This is one of many cases that have been filed recently in both federal and

20   state court across the country involving the prescription drug Avandia®. Cosner Decl. ¶

21   6.

22   5.    On October 16, 2007, the Judicial Panel on Multidistrict Litigation

23   ("JPML") issued an order directing that then-pending Avandia-related cases be

24   transferred and coordinated for pretrial proceedings in the United States District Court for

25   the Eastern District of Pennsylvania, before the Honorable Cynthia M. Rufe, pursuant to

26   28 U.S.C. § 1407. *See* Transfer Order, *In re Avandia Marketing, Sales Practices and*

27   *Products Liability Litigation*, MDL 1871 (E.D. Pa.) (a true and correct copy of which is

28   attached as Exhibit "C" to Cosner Decl.). Additional Avandia-related cases pending in

1   federal court, which are common to the actions previously transferred to the Eastern
2   District of Pennsylvania and assigned to Judge Rufe, are treated as potential tag-along
3   actions. *See id.; see also* Rules 7.4 and 7.5, R.P.J.P.M.L. 199 F.R.D. 425, 435-36 (2001).
4   GSK intends to seek the transfer of this action to that Multidistrict Litigation, *In re*
5   *Avandia Marketing, Sales Practices and Products Liability Litigation*, MDL 1871, and
6   shortly will provide the JPML with notice of this action pursuant to the procedure for
7   "tag along" actions set forth in the rules of the JPML. Cosner Decl. ¶ 7.

8       6.    As more fully set forth below, this case is properly removed to this Court
9   pursuant to 28 U.S.C. § 1441 because GSK has satisfied the procedural requirements for
10  removal and this Court has subject matter jurisdiction over this action pursuant to 28
11  U.S.C. §§ 1331 and 1332.

12  **II.    DIVERSITY JURISDICTION**

13      7.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332
14  because this is a civil action in which the amount in controversy exceeds the sum of
15  $75,000, exclusive of costs and interest, and is between citizens of different states.

16      **A.    Diversity Of Citizenship**

17      8.    Plaintiff, Martha Arriola alleges she is a resident of the State of Nevada.
18  Accordingly, she is a citizen of the State of Nevada. *See* Cosner Decl., Exh. A, ¶ 2.

19      9.    GSK is, and was at the time Plaintiff commenced this action, a corporation
20  organized under the laws of the Commonwealth of Pennsylvania with its principal place
21  of business in Philadelphia, Pennsylvania, and therefore, is a citizen of Pennsylvania for
22  purposes of determining diversity. 28 U.S.C. § 1332(c)(1). Cosner Decl. ¶ 8.

23      10.    The remaining named defendant, McKesson, is a Delaware corporation
24  with its principal place of business in San Francisco, California, and therefore is a citizen
25  of California. *See* Declaration of Greg Yonko In Support of Defendant's Notice of
26  Removal and Removal Action Under 28 U.S.C. § 1441 (b) (Diversity) and 28 U.S.C. §
27  1441(c) (Federal Question) in *F.C. Mitchell, et al. v. GlaxoSmithKline, et al.,* ¶ 3,
28  attached as Exhibit "D" to Cosner Decl.

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

3

1    11.    Accordingly, there is complete diversity of citizenship between Plaintiff

2    and defendants.

3    12.    As explained in detail below, McKesson is fraudulently joined in this

4    lawsuit and its citizenship must be ignored for the purpose of determining the propriety of

5    removal. *See McCabe v. General Foods*, 811 F.2d 1336, 1339 (9th Cir. 1987).

6    Accordingly, the forum defendant rule is not implicated in this case.

7    13.    Even if McKesson were not fraudulently joined, there would be complete

8    diversity between Plaintiff and defendants, and McKesson's California citizenship would

9    not affect this Court's jurisdiction. *See Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933

10    (9th Cir. 2006) (holding that the forum defendant rule limitation on diversity-based

11    removal jurisdiction is a procedural, or non-jurisdictional, rule).

12    **B.    The Amount In Controversy Requirement Is Satisfied**

13    14.    It is apparent on the face of the Complaint that Plaintiff seeks an amount in

14    controversy in excess of $75,000, exclusive of costs and interest.

15    15.    Plaintiff alleges that, as a result of her Avandia use, she "suffered chest pain

16    and stroke resulting in permanent damage to her vision." *See* Cosner Decl., Exh. A, ¶ 27.

17    16.    Plaintiff seeks to recover general damages; medical, hospital, and incidental

18    expenses; amounts for loss of earnings and loss of earning capacity, as well as punitive

19    and exemplary damages. *See* Cosner Decl., Exh. A, Prayer for Relief.

20    17.    Punitive damages are included in the calculation of the amount in

21    controversy. *See Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943).

22    18.    Given the allegations set forth above, the face of the Complaint makes clear

23    that Plaintiff seeks an excess of $75,000, exclusive of interest and costs. *See Simmons v.*

24    *PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002).

25    **C.    The Citizenship Of McKesson Must Be Ignored Because McKesson Is**
       **Fraudulently Joined**

26

27    19.    A defendant is fraudulently joined, and its presence in the lawsuit is

28    ignored for purposes of determining the propriety of removal, "if the plaintiff fails to

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

4

1    state a cause of action against the resident defendant, and the failure is obvious according

2    to the settled rules of the state." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067

3    (9th Cir. 2001); *see also Hamilton Materials, Inc. v. Dow Chemical Corporation*, 494

4    F.3d. 1203, 1206, 2007 WL 2080179 at *1 (9th Cir. 2007).

5        20.    McKesson is fraudulently joined because Plaintiff has failed to make any

6    material allegations against it. *See Brown v. Allstate Ins. Co.,* 17 F. Supp. 2d 1134, 1137

7    (S.D. Cal. 1998) (finding in-state defendants fraudulently joined where "no material

8    allegations against [the in-state defendants] are made").

9        21.    In the body of the Complaint, Plaintiff asserts claims of: (1) strict products

10    liability – failure to warn; (2) negligence; (3) breach of implied warranty; (4) breach of

11    express warranty; (5) fraud; (6) fraud by concealment; (7) negligent misrepresentation;

12    and (8) violations of the Consumer Legal Remedies Act, Civil Code §1750, *et seq.* In

13    these allegations, Plaintiff avers that collectively, "Defendants," defectively designed and

14    manufactured Avandia and made misrepresentations about the drug, Cosner Decl., Exh.

15    A, at ¶¶ 22, 26, 37; failed to adequately and properly test and inspect Avandia, *id.* at ¶ 33;

16    failed to use reasonable care in the labeling, selling, inspecting, packaging, and

17    displaying of Avandia, *id.* at ¶ 33; and concealed known risks and failed to provide

18    adequate warnings and labeling, *id.* at ¶¶ 26, 54-55.

19        22.    With respect to McKesson, Plaintiff's only allegation is that McKesson is,

20    and was, engaged in the business of marketing, distributing, promoting, advertising and

21    selling Avandia...." *Id.* at ¶ 5. Plaintiff cannot cure this deficiency by relying, as she

22    does in the balance of her complaint, on allegations directed towards "Defendants."

23        23.    Plaintiff's claims are substantively based on the design and manufacture of

24    Avandia, the adequacy of pre-clinical testing and post-marketing surveillance, failure to

25    warn, fraudulent concealment, and misrepresentation. As a wholesale distributor of

26    Avandia, McKesson played no role whatsoever in its promotion, marketing or

27    advertising. All McKesson did was pass along unopened boxes of Avandia, in

28    unadulterated form, to hospitals and other businesses in the healthcare industry. *See*

5

1   Cosner Decl. Exh. D, ¶¶ 6-7.[1]

2        24.    Further, based on the "learned intermediary" doctrine, McKesson bore no

3   duty to warn Plaintiff. The "learned intermediary" doctrine, the foundation of

4   prescription drug product liability law, provides that the duty to warn about a drug's risks

5   runs from the manufacturer to the physician (the "learned intermediary"), and then from

6   the physician to the patient. *See Brown v. Superior Court (Abbott Labs.*), 44 Cal. 3d

7   1049, 1061-62, n.9 (1988); *Carlin v. Superior Court (Upjohn Co.*), 13 Cal. 4th 1104,

8   1116 (1996). It is the physician, and only the physician, who is charged with prescribing

9   the appropriate drug and communicating the relevant risks to the patient. *See Brown*, 44

10  Cal. 3d at 1061-62.

11       25.    GSK and the FDA prepared the information to be included with the

12  prescription drug, Avandia, with the FDA having final approval of the information that

13  could be presented. Once the FDA has determined the form and content of the

14  information, it is a violation of federal law to augment the information. *See* 21 U.S.C. §

15  331(k) (prohibiting drug manufacturers and distributors from causing the "alteration,

16  mutilation, destruction, obliteration, or removal of the whole or any part of the labeling"

17  of an FDA-approved drug held for sale); *Brown v. Superior Court*, 44 Cal. 3d 1049, 1069

18  n.12 (noting that the FDA regulates the testing, manufacturing, and marketing of drugs,

19  including the content of their warning labels). Therefore, any safety and warning

20  information McKesson had about Avandia would have come from GSK in the form of

21  FDA-approved packaging and labeling. McKesson could not change the labeling it was

22  given by GSK as approved by the FDA without violating federal law. No duty can be

23

24       [1] The Declaration of McKesson's representative, Greg Yonko may be considered by the Court in
25  determining whether McKesson is fraudulently joined. *Maffei v. Allstate California Ins. Co.*, 412 F.
    Supp. 2d 1049 (E.D. Cal. 2006) ("[t]he court may pierce the pleadings, consider the entire record, and
26  determine the basis of joinder by any means available") (citing *Lewis v. Time, Inc.*, 83 F.R.D. 455 (E.D.
    Cal. 1979) ("it is well settled that upon allegations of fraudulent joinder…federal courts may look beyond
27  the pleadings to determine if the joinder…is a sham or fraudulent device to prevent removal")); *see also
    Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318-19 (9th Cir. 1998) (evidence may be presented by the
28  removing party that there is no factual basis for the claims pleaded against the local defendant).

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105

SF1\397812\1    AMENDED AND CORRECTED NOTICE OF REMOVAL AND REMOVAL    CASE NO.  CV-08-01598 BZ

1    found where it requires a party to violate the law to fulfill it.

2        26.    As such, given the lack of a causal connection between the injuries alleged

3    by Plaintiff and McKesson's conduct, as well as the absence of any legal or factual basis

4    for Plaintiff's claims against McKesson, McKesson's joinder is fraudulent and its

5    citizenship should be ignored for purposes of determining the propriety of removal.

6    **III.    FEDERAL QUESTION JURISDICTION**

7        27.    This Court has federal question jurisdiction over Plaintiff's claims under 28

8    U.S.C. § 1331 and the principles set forth in *Grable & Sons Metal Prods., Inc. v. Darue*

9    *Eng'g & Mfg.*, 125 S. Ct. 2363 (2005).

10       28.    As more fully explained below, Plaintiff has made violations of federal law

11   critical elements of several of her claims.

    **A.    Plaintiff's Claims Require Construction And Application Of The FDCA And Its Implementing Regulations**

    29.    Plaintiff's First Cause of Action, "Strict Products Liability – Failure to Warn," Second Cause of Action, "Negligence," Fourth Cause of Action, "Breach of Express Warranty," and Seventh Cause of Action, "Negligent Misrepresentation," each require construction and application of the Federal Food, Drug and Cosmetic Act ("FDCA") and implementing federal regulations, which govern approval of prescription drugs and regulate prescription drug manufacturers' public and promotional statements, including all aspects of warnings and labeling. *See* Cosner Decl., Exh. A.

    30.    As a currently-marketed prescription drug, Avandia is subject to extensive regulation by the FDA. The FDCA requires the FDA to ensure that "drugs are safe and effective" for their intended uses, 21 U.S.C. § 393(b)(2)(B), in part by "promptly and officially reviewing clinical research and taking appropriate action on the marketing of regulated products." 21 U.S.C. § 393(b)(1). The Secretary of the FDA has the authority to promulgate regulations to enforce the FDCA, which are codified in the *Code of Federal Regulations*, 21 C.F.R. § 200, *et seq. See* 21 U.S.C. § 371(a).

    31.    To accomplish its purpose, the FDA maintains a Center for Drug

7

1  Evaluation and Research (the "CDER"). The CDER regulates pharmaceutical

2  companies' development, testing and research, and manufacture of drugs. The CDER

3  examines data generated by these companies to conduct a risk/benefit analysis and make

4  an approval decision. The CDER also ensures truthful advertising for prescription drugs,

5  in part by approving Package Inserts that properly outline benefit and risk information.

6  Once drugs are marketed, the CDER continues to monitor them for unexpected health

7  risks that may require public notification, a change in labeling, or removal of the product

8  from the market. In short, the CDER evaluates and monitors the effectiveness and safety

9  of prescription drugs. *See* http://www.fda.gov/cder/about/faq/default.htm.

10        32.    Promotional communications to physicians about Avandia are contained

11  within, and restricted by, warning, labeling, and promotional materials, such as the

12  Package Insert, that are approved and monitored by the FDA to ensure the provision of

13  accurate information about the drug's respective risks and benefits. Under federal

14  regulations, even claims in promotional labeling or advertising must be consistent with

15  approved labeling. 21 C.F.R. § 202.1(e)(4) (2005).

16        33.    The FDA's responsibility to regulate prescription drugs sold in the United

17  States, and to enforce laws with respect to such drugs, inclusive of the precise content

18  and format of prescription drug labeling (*e.g.*, the instructions, warning, precautions,

19  adverse reaction information provided by manufacturers, and marketing materials), is

20  plenary and exclusive. *See* 21 U.S.C. § 301, *et seq.*

21        34.    Plaintiff has made alleged violations of federal law a critical element of her

22  claims. Accordingly, Plaintiff's claims necessarily raise substantial federal questions by

23  requiring the Court to construe and apply the FDCA and its implementing regulations.

24        **B.    Federal Control Of Drug Labeling and Warning**

25        35.    On January 24, 2006, the FDA announced a rule that includes a detailed

26  and emphatic statement of the FDA's intention that its regulation and approval of

27  prescription drug labeling preempt most state law claims related to the adequacy of

28  prescription drug warnings because such claims frustrate "the full objectives of the

8

1    Federal law." *See* Requirements on Content and Format of Labeling for Human

2    Prescription Drug and Biologic Products, 71 Fed. Reg. 3922, 3934 (Jan. 24, 2006) ("FDA

3    believes that under existing preemption principles, FDA approval of labeling under the

4    act. . . . preempts conflicting or contrary State law."); *see also In re Bextra and Celebrex*

5    *Marketing,* 2006 WL 2374742 (N.D. Cal. Aug. 16, 2006) (Celebrex decision); *In re*

6    *Bextra and Celebrex Marketing,* 2006 WL 2472484 (N.D. Cal. Aug. 24, 2006) (Bextra

7    decision).

8         36.    Plaintiff alleges that Defendants failed to disclose certain risks of Avandia.

9    *See e.g.,* Cosner Decl., Exh. A, ¶ 16.  This allegation necessarily requires Plaintiff to

10   establish that the FDA, which has exclusive jurisdiction over the labeling of drugs, would

11   have approved the warning the Plaintiff alleges should have been given.

12        37.    Accordingly, there is a substantial federal question with respect to whether

13   Plaintiff can claim that GSK violated state law in light of the FDA's control of Avandia's

14   labeling and warning and its position on conflict preemption.

15        **C.    The Federal Interest In Providing A Forum**

16        38.    The federal government has a strong interest in having a federal court

17   decide several of the issues in this case.  Among these issues are:

18             a.    whether any conduct of GSK violated any federal laws or

19                   regulations related to the labeling and marketing of Avandia; and

20             b.    whether the FDA-approved Avandia label was false and misleading,

21                   as alleged by Plaintiff, and whether a state may impose liability on

22                   GSK for not providing more information regarding alleged risks, as

23                   Plaintiff contends GSK should have done.

24        39.    Plaintiff's claims may be vindicated or defeated only by construction of

25   federal statutes and regulations.  The availability of a federal forum to protect the

26   important federal interests at issue is therefore consistent with *Grable,* and determination

27   by a federal court of the substantial and disputed federal issues that lie at the heart of this

28   case would not "disturb any congressionally approved balance of federal and state

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

1    judicial responsibilities." *Grable*, 125 S. Ct. at 2368.

2    **IV.    CONFORMANCE WITH PROCEDURAL REQUIREMENTS**

3    40.    This Court has jurisdiction over this matter based on federal question and

4    diversity of citizenship, and the present lawsuit may be removed from the Superior Court

5    of the State of California for the County of San Francisco, and brought before the United

6    States District Court for the Northern District of California pursuant to 28 U.S.C. §§

7    1331, 1332 and 1441.

8    41.    McKesson was served with the Plaintiff's Complaint on March 17, 2008.

9    Cosner Decl. ¶ 10. Therefore, this Removal has been timely filed. *See* 28 U.S.C. §

10   1446(b).

11   42.    Since McKesson is fraudulently joined in this action, and the requirements

12   of 28 U.S.C. §§ 1331 and 1332 are met, GSK is entitled to removal under the plain

13   language of 28 U.S.C. § 1441(b),(c).

14   43.    Moreover, McKesson's consent to remove is not necessary because it is

15   fraudulently joined. *See e.g., Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th

16   Cir. 1988).

17   44.    The United States District Court for the Northern District of California is

18   the federal judicial district encompassing the Superior Court of the State of California for

19   the County of San Francisco, where this suit was originally filed.  Venue therefore is

20   proper in this district under 28 U.S.C. § 1441(a).

21   45.    Pursuant to the provisions of 28 U.S.C § 1446(d), GSK will promptly file a

22   copy of this Notice of Removal with the clerk of the Superior Court of the State of

23   California for the County of San Francisco, where this suit was originally filed.

24   46.    Defendant reserves the right to amend or supplement this Notice of

25   Removal.

26   ///

27   ///

28   ///

1      **WHEREFORE**, GSK respectfully removes this action from the Superior Court of

2 the State of California for the County of San Francisco to the United States District Court

3 for the Northern District of California, pursuant to 28 U.S.C. § 1441.

4

5 Dated: March 28, 2008            DRINKER BIDDLE & REATH LLP

6                       /S/ *Krista L. Cosner*

7                       DONALD F. ZIMMER, JR.
                      KRISTA L. COSNER

8                       Attorneys for Defendant
                      SMITHKLINE BEECHAM

9                       CORPORATION dba
                      GLAXOSMITHKLINE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\39781211     AMENDED AND CORRECTED NOTICE OF REMOVAL AND REMOVAL     CASE NO. CV-08-01598 BZ

1   DONALD F. ZIMMER, JR. (State Bar No. 112279)
2   KRISTA L. COSNER (State Bar No. 213338)
    DRINKER BIDDLE & REATH LLP
3   50 Fremont Street, 20th Floor
    San Francisco, California 94105
    Telephone: (415) 591-7500
4   Facsimile: (415) 591-7510

5   Attorneys for Defendant
    SMITHKLINE BEECHAM CORPORATION dba
6   GLAXOSMITHKLINE

7

8                 UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                 SAN FRANCISCO DIVISION

11

12  MARTHA ARRIOLA,                          Case No.  CV-08-01598 BZ

13               Plaintiff,                   **DECLARATION OF KRISTA L.
                                             COSNER IN SUPPORT OF NOTICE
14        v.                                  OF REMOVAL AND REMOVAL,
                                             UNDER 28 U.S.C. § 1441(b)
15  SMITHKLINE BEECHAM                        (DIVERSITY) and 28 U.S.C. § 1441(C)
    CORPORATION dba                           (FEDERAL QUESTION) OF
16  GLAXOSMITHKLINE; McKESSON                 DEFENDANT SMITHKLINE
    CORPORATION; and DOES 1 through 15,       BEECHAM CORPORATION dba
17  inclusive,                                GLAXOSMITHKLINE**

18               Defendants.

19

20        I, KRISTA L. COSNER, declare:

21        1.     I am an attorney admitted to practice before all courts of the State of

22  California and am an Associate with Drinker Biddle & Reath, LLP, attorneys for

23  SMITHKLINE BEECHAM CORPORATION dba GLAXOSMITHKLINE ("GSK")

24  ("Defendant") in this action.  I make this Declaration based on my personal knowledge,

25  in support of Defendant GSK's removal of *Martha Arriola v. SmithKline Beecham*

26  *Corporation dba GlaxoSmithKline, et al.*, San Francisco Superior Court Case Number

27  CGC-08-473387, to this Court.  I would and could competently testify to the matters

28  stated in this Declaration if called as a witness.

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

1   2.  A true and accurate copy of the Complaint in this action is attached as

2 **Exhibit A**.

3   3.  A true and accurate copy of the Defendant's Answer to the Complaint

4 ("Answer") in this action is attached as **Exhibit B**.  The Complaint and the Answer are

5 the only state court pleadings known to Defendant to have been filed in this action.

6   4.  A true and accurate copy of the Judicial Panel on Multidistrict Litigation's

7 ("JPML") Transfer Order, *In re Avandia Marketing, Sales Practices and Products*

8 *Liability Litigation*, MDL 1871 (E.D.P.A.) is attached as **Exhibit C**.

9   5.  The Declaration of Greg Yonko In Support of Defendant's Notice of

10 Removal and Removal Action Under 28 U.S.C. § 1441(b) (Diversity) and 28 U.S.C. §

11 1441(c) (Federal Question) in *F.C. Mitchell, et al. v. GlaxoSmithKline, et al.* is attached

12 as **Exhibit D**.

13   6.  This is one of many cases that have been filed recently in both federal and

14 state courts across the country involving the prescription drug Avandia.

15   7.  GSK intends to seek the transfer of this action to that Multidistrict

16 Litigation, *In re Avandia Marketing, Sales Practices and Products Liability Litigation*,

17 MDL 1871, and shortly will provide the JPML with notice of this action pursuant to the

18 procedure for "tag along" actions set forth in the rules of the JPML.

19   8.  GSK is, and was at the time plaintiff commenced this action, a corporation

20 organized under the laws of the Commonwealth of Pennsylvania with its principal place

21 of business in Philadelphia, Pennsylvania, and therefore is a citizen of Pennsylvania for

22 purposes of determining diversity.

23   9.  GSK has not been served with the Complaint in this matter.

24 ///

25 ///

26 ///

27 ///

28 ///

1        10.    I have been informed by a representative from McKesson that it was served

2    with the Complaint in this matter on March 17, 2008.

3        I declare under penalty of perjury under the laws of the United States of America that

4    the foregoing is true and correct.  Executed on this 28th day of March, 2008 in San

5    Francisco, California.

6

7                   /S/ Krista L. Cosner
               KRISTA L. COSNER

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105

3

# EXHIBIT A

SUMMONS ISSUED
FILED
SUPERIOR COURT
COUNTY OF SAN FRANCISCO

2008 MAR 17  AM 10: 55

GORDON PARK - LI, CLERK

BY: _____
DEPUTY CLERK

1   NANCY HERSH, ESQ., State Bar No. 49091
2   MARK E. BURTON, JR., ESQ., State Bar No. 178400
3   RACHEL ABRAMS, ESQ., State Bar No. 209316
    CYNTHIA BROWN, ESQ., State Bar No. 248846
4   HERSH & HERSH, A Professional Corporation
    601 Van Ness Avenue, Suite 2080   CASE MANAGEMENT CONFERENCE SET
5   San Francisco, CA 94102-6388
    Telephone: (415) 441-5544
6                                           AUG 1 5 2008  -9:00 AM
7   Attorneys for Plaintiff
8                                           DEPARTMENT 212

9           SUPERIOR COURT OF THE STATE OF CALIFORNIA

10              SAN FRANCISCO COUNTY    IMAGED

11                                      MAR 17 2008

12   MARTHA ARRIOLA,                 )   CASE NUMBER CGC-08-473387
13                                   )
            Plaintiff,               )   COMPLAINT FOR DAMAGES AND
14                                   )   DEMAND FOR JURY TRIAL
     vs.                             )
15                                   )   [PRODUCTS LIABILITY]
     SMITHKLINE BEECHAM              )
16   CORPORATION d/b/a               )   1.  Strict Liability-Failure to Warn
     GLAXOSMITHKLINE, McKESSON       )   2.  Negligence
17   CORPORATION, and DOES ONE       )   3.  Breach of Implied Warranty
     through FIFTEEN, inclusive,     )   4.  Breach of Express Warranty
18                                   )   5.  Fraud
            Defendants.              )   6.  Fraud by Concealment
19                                   )   7.  Negligent Misrepresentation
                                     )   8.  Violations of the Consumer Legal
20                                   )       Remedies Act (Civil Code §1750, et seq.)
                                     )
21
22              DEMAND FOR JURY TRIAL
23                        1.
24       Plaintiff herewith requests a trial by jury as to all issues of material fact.
25                        PARTIES
26                        2.
27       Plaintiff MARTHA ARRIOLA is, and was, at all relevant times, a resident
28   of Nevada.

                                    - 1 -
              COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HERSHANDHERSH
A Professional Corporation

3.

Defendant GLAXOSMITHKLINE (GSK) is a corporation with its principal place of business at One Franklin Plaza, Philadelphia, Pennsylvania 19101. GSK makes a variety of prescription drugs including those for Diabetes Mellitus.

4.

Defendant SMITHKLINE BEECHAM CORPORATION is a U.S. CORPORATION d/b/a GLAXOSMITHKLINE in California.

5.

Defendant McKESSON CORPORATION ("McKESSON") is a corporation with its principal place of business at One Post Street, San Francisco, California 94104. At all times herein mentioned, Defendant McKESSON is, and was, engaged in the business of marketing, distributing, promoting, advertising and selling AVANDIA nationwide and in the State of California.

6.

Plaintiff does not know the true names of the Defendants, and each of them, sued herein as DOES ONE through FIFTEEN, inclusive. Plaintiff alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and caused the injuries and damages sustained by Plaintiff as herein alleged.

7.

In engaging in the conduct alleged herein, each Defendant acted as the agent for each of the other Defendants.

8.

Defendants SmithKlineBeecham, GlaxoSmithKline, Inc., McKesson and DOES ONE through FIFTEEN, inclusive, will hereafter be referred to as "Defendants".

9.

At all times relevant to this action, Defendants, and each of them, intentionally, recklessly and/or negligently concealed, suppressed, omitted, and misrepresented the risks, dangers, defects, and disadvantages of AVANDIA and advertised,

- 2 -
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1   promoted, marketed, sold and distributed AVANDIA as a safe pharmaceutical when, in

2   fact, Defendants, and each of them, knew that AVANDIA were not safe for its intended

3   purposes and that AVANDIA would cause, and did cause, serious medical problems, and in

4   some patients, serious, permanent heart injury.

5                                          10.

6          At all relevant times herein, Defendants, and each of them, at all times

7   relevant herein, designed, developed, manufactured, promoted, marketed, distributed,

8   tested, warranted and sold in interstate commerce (including California) AVANDIA.

9   Defendant McKesson has its principal place of business in San Francisco, California, and

10  all said Defendants, and each of them, do substantial business in the State of California,

11  advertise in California, receive substantial compensation and profits from sales of

12  AVANDIA in California.

13                            **FACTUAL ALLEGATIONS**

14                                         11.

15         In May 1999, Defendants, and each of them, sought and obtained Food and

16  Drug Administration ("FDA") approval to market a drug manufactured, designed,

17  distributed and sold by Defendants, and each of them, to diabetics purported to increase

18  insulin sensitivity without causing serious effects, harm or injury.

19                                         12.

20         Defendants, and each of them, as a result of strenuous marketing of said

21  drug, AVANDIA, were able to capture a significant share of the market and generate

22  billions of dollars in income and profit as a consequence.

23                                         13.

24         Defendants, and each of them, have continued to reap substantial profits

25  from said drug, AVANDIA, from May of 1999 to the present. By at least September 2005,

26  Defendants, and each of them, knew, but had not disclosed, evidence from studies

27  conducted fro 1999 through 2005 that demonstrated adverse cardiac events in consumers

28  attributable to the drug. Although Defendants, and each of them, had an analysis of 42

                                          - 3 -

                COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1  patient studies of AVANDIA it failed to disclose the full results of the study to the FDA,

2  doctors, and patients. The complete results of the study were not provided to the FDA for

3  another year.

4                                         14.

5          During the year 2006, after the time the Defendants, and each of them, were

6  aware of the study results, Defendants, and each of them, increased their sales of

7  AVANDIA to a distribution of approximately 13 (thirteen) million prescriptions in the

8  United States. By way of example in 2006 a month's supply of AVANDIA cost between

9  $90 and $200. Thereby Defendants, and each of them, were able to generate sales of $2.2

10  billion of this drug in 2006.

11                                        15.

12          At all relevant times herein, AVANDIA was widely advertised by the

13  Defendants, and each of them, as an effective and safe treatment for diabetic patients. Said

14  Defendants, and each of them, minimized the risks posed to diabetic patients by ingestion

15  of AVANDIA. In August 2006, for the first time and as a result of external pressure,

16  Defendants, and each of them, disclosed full and complete results of the study (as in

17  paragraph 15 above) even though the Defendants, and each of them, were fully aware at

18  least since September 2005 of adverse cardiac events due to the drug AVANDIA. Said

19  Defendants, and each of them, concealed or minimized the known risks to diabetic patients

20  by ingestion of AVANDIA.

21                                        16.

22          In doing so the Defendants, and each of them, concealed the known risks to

23  diabetic patients and failed to warn of known and/or scientifically knowable dangers and

24  risks associated with ingestion of AVANDIA.

25                                        17.

26          Plaintiff MARTHA ARRIOLA was prescribed and took AVANDIA

27  commencing in 2000 and continuing through April 2007. As set above in paragraph 15 the

28  Defendants, and each of them, knew that the product was unsafe for diabetic patients in

HERSHANDHERSH
A Professional Corporation

- 4 -

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1   general and capable of causing and did cause adverse cardiac events in exposed patients. In

2   spite of the knowledge of the dangerous characteristics of said drug, and with conscious

3   disregard for the health and safety of the public and of exposed patients who were

4   prescribed and took AVANDIA, Defendants, and each of them, placed said drug on the

5   market intending it to be sold to and used by diabetic patients and knowing that said use

6   would occur.

7                                                  18.

8          Defendants, and each of them, continued with their sale of AVANDIA after

9   the preliminary disclosure to the FDA in August 2006. Knowing that its drug caused

10  adverse cardiac events and strokes and that the diabetic patient population was not informed

11  of the dangers, Defendants, and each of them, continued to expand sales of AVANDIA to

12  existing and new patients.

13                                                 19.

14         On May 21, 2007, Dr. Steven Nissen, a prominent cardiologist associated

15  with the Cleveland Clinic, published a study in the New England Journal of Medicine with

16  his analysis of the 42 studies conducted since 1999. Dr. Nissen's study disclosed to the

17  public the increased risk of congestive heart failure and heart attack by patients taking

18  AVANDIA, dangers the Defendants, and each of them, had been aware of since at least

19  2005 and probably before.

20                                                 20.

21         MARTHA ARRIOLA, while a resident of Henderson, Nevada, was initially

22  prescribed AVANDIA in tablet form by her Family Practitioner beginning in 2000 and

23  continuing until April 2007 when Defendants, and each of them, had failed to disclose to

24  patients and their physicians the true dangers of adverse cardiac events caused by ingestion

25  of the drug AVANDIA.

26                                                 21.

27         At all times relevant herein, Defendants, and each of them, failed to provide

28  sufficient warnings and instructions that would have put Plaintiff and the general public on

- 5 -
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

HERSHANDHERSH
A Professional Corporation

1  notice of the dangers and adverse effects caused by ingesting AVANDIA including,

2  without limitation, risk of heart attack, congestive heart failure, and stroke.

3                                    22.

4         AVANDIA as designed, manufactured, distributed, sold and/or supplied by

5  Defendants, and each of them, was defective as marketed due to inadequate warnings,

6  instructions, labeling and/or inadequate testing in the presence of Defendants', and each of

7  their, knowledge of lack of cardiovascular safety.

8                                    23.

9         Defendants, and each of them, thereby acted with fraud, malice, oppression

10 and a conscious disregard for Plaintiff and the general public's safety, who accordingly

11 requests that the trier of fact, in the exercise of sound discretion, award additional damages

12 for the sake of example and for the purpose of punishing the Defendants, and each of them,

13 for their conduct, in an amount sufficiently large to be an example to others and to deter the

14 Defendants, and each of them, and others from engaging in similar conduct in the future.

15 The aforesaid wrongful conduct was done with the advance knowledge, authorization,

16 and/or ratification of an officer, director, and/or managing agent of Defendants, and each of

17 them.

18                      **FIRST CAUSE OF ACTION**

19                 **[Strict Product Liability - Failure to Warn]**

20                                    24.

21        Plaintiff hereby incorporates by reference, as if fully set forth herein, each

22 and every allegation contained in Paragraphs 1-23, inclusive, of this Complaint.

23                                    25.

24        Defendants, and each of them, manufactured, sold and/or distributed

25 AVANDIA to Plaintiff MARTHA ARRIOLA to be used to increase insulin sensitivity

26 without causing serious effects, harm, or injury.

27                                    26.

28        At all times mentioned herein, AVANDIA was dangerous and presented a

- 6 -

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

HERSHANDHERSH
A Professional Corporation

substantial danger to diabetic patients and these risks and dangers were known or knowable at the time of manufacture, sale or distribution to Plaintiff MARTHA ARRIOLA from 2000 through April 2007. Ordinary consumers would not have recognized the potential risks and dangers that AVANDIA posed to cardiac patients because its uses were specifically promoted to improve the health of diabetic patients. The AVANDIA was used in a way reasonably foreseeable to all Defendants, and each of them, by Plaintiff MARTHA ARRIOLA. Defendants, and each of them, failed to provide warnings of such risks and dangers to Plaintiff MARTHA ARRIOLA as described herein.

27.

As a result of the defective dangerous condition of AVANDIA manufactured and/or supplied by the Defendants, and each of them, Plaintiff MARTHA ARRIOLA suffered chest pain and stroke resulting in permanent damage to her vision.

28.

As a result of Plaintiff MARTHA ARRIOLA's ingestion of the defective AVANDIA, Plaintiff MARTHA ARRIOLA was caused to suffer the herein described injuries.

29.

In doing the acts herein described, the Defendants, and each of them, acted with oppression, fraud and malice, and Plaintiff is therefore entitled to punitive damages to deter Defendants, and each of them, and others from engaging in similar conduct in the future. Said wrongful conduct was done with advance knowledge, authorization and/or ratification of an officer, director and/or managing agent of the Defendants, and each of them.

30.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as hereinafter set forth.

///

///

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**SECOND CAUSE OF ACTION**

**[Negligence]**

31.

Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation contained in Paragraphs 1-30, inclusive, of this Complaint.

32.

Defendants, and each of them, and their representatives were manufacturers and/or distributors of AVANDIA. At all times herein, Defendants, and each of them, had a duty to properly manufacture, compound, test, inspect, package, label, distribute, market, examine, maintain supply, provide proper warnings and prepare for use and sell the aforesaid product.

33.

Defendants, and each of them, so negligently and carelessly manufactured, compounded, tested, failed to test, inspected, failed to inspect, packaged, labeled, distributed, recommended, displayed, sold, examined, failed to examine and supplied aforesaid product, that it was dangerous and unsafe for the use and purpose for which it was intended, that is, increasing insulin sensitivity without causing serious injury, harm, or effect in Plaintiff and others similarly situated. As a result of the carelessness and negligence of Defendants, Plaintiff MARTHA ARRIOLA ingested the AVANDIA in the manner intended by the manufacturer, and, as a result, Plaintiff suffered the injuries and damages described herein.

34.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as hereinafter set forth.

**THIRD CAUSE OF ACTION**

**[Breach of Implied Warranty]**

35.

Plaintiff hereby incorporates by reference, as if fully set forth herein, each

- 8 -

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

and every allegation contained in Paragraphs 1-34, inclusive, of this Complaint.

36.

Defendants, and each of them, impliedly warranted that their AVANDIA, which Defendants, and each of them, designed, manufactured, assembled, promoted, sold and distributed to Plaintiff were merchantable and fit and safe for ordinary use. Defendants, and each of them, further impliedly warranted that its AVANDIA was fit for the particular purpose of increasing insulin sensitivity in diabetic patients without causing serious harm, injury or effect.

37.

Defendants' AVANDIA was defective, unmerchantable, and unfit for ordinary use when sold, and unfit for the particular purpose for which they were sold, and subjected Plaintiff to severe and permanent injuries. Therefore, Defendants, and each of them, breached the implied warranties of merchantability and fitness for a particular purpose when AVANDIA was sold to Plaintiff, in that the AVANDIA is defective and has failed to increase insulin sensitivity without serious harm in diabetic patients as represented and intended.

38.

As a result of Defendants', and each of their, breach of the implied warranties of merchantability and fitness for a particular purpose, Plaintiff MARTHA ARRIOLA has sustained and will continue to sustain the injuries and damages described herein and is therefore entitled to compensatory damages.

39.

After Plaintiff was made aware her injuries were a result of the aforesaid product, AVANDIA, Defendants, and each of them, had ample and sufficient notice of breach of said warranty.

40.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

///

- 9 -

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## FOURTH CAUSE OF ACTION

### [Breach of Express Warranty]

41.

Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation contained in Paragraphs 1-40, inclusive, of this Complaint.

42.

Defendants, and each of them, expressly warranted to Plaintiff and/or her authorized agents or sales representatives, in publications, and other communications intended for medical patients, and the general public, that AVANDIA was safe, effective, fit and proper for its intended use.

43.

Plaintiff MARTHA ARRIOLA and Plaintiff's physicians reasonably relied upon the skill and judgment of Defendants, and each of them, and upon said express warranty, in using the aforesaid product. The warranty and representations were untrue in that the product caused severe injury to Plaintiff MARTHA ARRIOLA and was unsafe and, therefore, unsuited for the use in which it was intended and caused Plaintiff MARTHA ARRIOLA to sustain damages and injuries herein alleged.

44.

As soon as the true nature of the product, and the fact that the warranty and representations were false, were ascertained, said Defendants, and each of them, had ample and sufficient notice of the breach of said warranty.

45.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## FIFTH CAUSE OF ACTION

### [Fraud]

46.

Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation contained in Paragraphs 1-45, inclusive, of this Complaint.

- 10 -

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

HERSH AND HERSH
A Professional Corporation

HERSH AND HERSH
A Professional Corporation

47.

Defendants, and each of them, falsely and fraudulently represented to Plaintiff MARTHA ARRIOLA, her physicians, and to members of the general public that the aforesaid product was safe, effective, reliable, consistent, and better than the other similar products due to its ability to increase insulin sensitivity without causing serious harm when used in the manner intended by the manufacturer. The representations by said Defendants, and each of them, were in fact, false. The true facts include, but are not limited to the fact that the aforesaid product was not safe to be used and was, in fact, dangerous to the health and body of Plaintiff MARTHA ARRIOLA.

48.

When the Defendants, and each of them, made these representations, they knew that they were false. Defendants, and each of them, made said representations with the intent to defraud and deceive Plaintiff MARTHA ARRIOLA, with the intent to induce plaintiff to act in the manner herein alleged, that is to use the aforementioned product for increasing insulin sensitivity.

49.

At the time Defendants, and each of them, made the aforesaid representations and Plaintiff MARTHA ARRIOLA took the actions herein alleged, Plaintiff and her physicians were ignorant of the falsity of these representations and reasonably believed them to be true. In reliance upon said representations, Plaintiff was induced to, and did, use the aforesaid product as herein described. If Plaintiff MARTHA ARRIOLA had known the actual facts, she would not have taken such action. The reliance of Plaintiff and her physicians upon Defendants', and each of their, representations were justified because said representations were made by individuals and entities who appeared to be in a position to know the true facts.

50.

As a result of Defendants', and each of them, fraud and deceit, Plaintiff was caused to sustain the herein described injuries and damages.

- 11 -

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

51.

In doing the acts herein alleged, the Defendants, and each of them, acted with oppression, fraud, and malice, and Plaintiff is therefore entitled to punitive damages to deter Defendants, and each of them, and others from engaging in similar conduct in the future. Said wrongful conduct was done with advance knowledge, authorization and/or ratification of an officer, director and/or managing agent of Defendants.

52.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

**SIXTH CLAIM FOR RELIEF**

**[Fraud by Concealment]**

53.

Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation contained in Paragraphs 1-52, inclusive, of this Complaint.

54.

At all times mentioned herein, Defendants, and each of them, had the duty and obligation to disclose to Plaintiff and to her physicians, the true facts concerning the aforesaid product, AVANDIA, that is, that said product was dangerous and defective, lacking efficacy for its purported use and lacking safety in normal use, and how likely it was to cause serious consequences to users including serious and permanent injuries to the heart. Defendants, and each of them, made the affirmative representations as set forth above to Plaintiff and her physicians and the general public prior to the date AVANDIA was ingested by Plaintiff MARTHA ARRIOLA, while concealing material facts.

55.

At all times herein mentioned, Defendants, and each of them, willfully, and maliciously concealed facts as set forth above from Plaintiff and her physicians, and therefore, Plaintiff, with the intent to defraud as herein alleged.

56.

At all times herein mentioned, neither Plaintiff nor her physicians were

- 12 -
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1    aware of the facts set forth above, and had they been aware of said facts, she would not

2    have acted as she did, that is, would not reasonably relied upon said representations of

3    safety and efficacy and utilized the AVANDIA for increasing insulin sensitivity.

4    Defendants', and each of their, representations were a substantial factor in Plaintiff utilizing

5    AVANDIA for increasing insulin sensitivity.

6                             57.

7        As a result of the concealment of the facts set forth above, Plaintiff sustained

8    injuries as hereinafter set forth.

9                             58.

10       In doing the action herein alleged, Defendants, and each of them, acted with

11    oppression, fraud, and malice and Plaintiff is therefore entitled to punitive damages in an

12    amount reasonably related to Plaintiff's actual damages, and to Defendant's wealth, and

13    sufficiently large to be an example to others, and to deter these Defendants, and each of

14    them, and others from engaging in similar conduct in the future.

15                             59.

16        WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

17                 **SEVENTH CAUSE OF ACTION**

18                   [Negligent Misrepresentation]

19                           60.

20       Plaintiff hereby incorporates by reference, as if fully set forth herein, each

21    and every allegation contained in Paragraphs 1-59, inclusive, of this Complaint.

22                             61.

23       At all relevant times herein, Defendants, and each of them, represented to

24    Plaintiff MARTHA ARRIOLA and her physicians that the AVANDIA was safe to use to

25    increase insulin sensitivity knowing that the AVANDIA was defective in causing injuries

26    described herein.

27                             62.

28       The Defendants, and each of them, made the aforesaid representations with

- 13 -

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

HERSH AND HERSH
A Professional Corporation

1  no reasonable ground for believing them to be true when Defendants', and each of their,

2  own data showed the AVANDIA to be defective and dangerous when used in the intended

3  manner.

4                                63.

5        The aforesaid representations were made to the physicians prescribing

6  AVANDIA prior to the date it was prescribed to Plaintiff and her physicians with the intent

7  that Plaintiff and her physicians would rely upon such misrepresentations about the safety

8  and efficacy of AVANDIA. Plaintiff and her physicians did reasonably rely upon such

9  representations that the aforesaid product was safe for use to aid in the treatment of

10 increasing insulin sensitivity.

11                               64.

12       The representations by said Defendants, and each of them, to Plaintiff were

13 false, and thereby caused Plaintiff's injuries described herein.

14                               65.

15       WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

16                      **EIGHTH CAUSE OF ACTION**

17       [Violations of the Consumer Legal Remedies Act, Civil Code §1750, *et seq.*]

18                               66.

19       Plaintiff MARTHA ARRIOLA hereby incorporates by reference, as if fully

20 set forth herein, each and every allegation contained in Paragraphs 1-84, inclusive, of this

21 Complaint.

22                               67.

23       This Cause of Action is brought pursuant to the Consumer Legal Remedies

24 Act ("CLRA"), California Civil Code §1750, *et seq.*

25                               68.

26       The policies, acts, and practices described above were intended to result in

27 the sale of AVANDIA to Plaintiff MARTHA ARRIOLA and the general public. These

28 actions violated, and continued to violate, the CLRA in at least the following respects:

                              - 14 -
        COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

HERSH AND HERSH
A Professional Corporation

(a)     In violation of §1770(a)(2), misrepresenting the source, sponsorship, approval, or certification of AVANDIA;

(b)     In violation of §1770(a)(5), representing that the AVANDIA has sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that it does not have;

(c)     In violation of §1770(a)(7), representing that the AVANDIA is of a particular standard, quality, or grade;

69.

In compliance with the CLRA provision in California Civil Code §1782, Plaintiff have given written notice to each Defendant named in this Complaint of his intention to file an action for damages under Civil Code §1750, *et seq.*

70.

Plaintiff notified Defendants, and Defendants have failed, within 30 days after receipt of the Civil Code §1782 notice, to adequately respond to Plaintiff's demand to correct, repair, replace, or otherwise rectify the wrongful conduct described above. Per Civil Code §1782(b), this action for damages under Civil Code §1780 may be maintained because Defendants, and each of them, failed to give, or agree to give within a reasonable time, any appropriate correction, repair, replacement, or other remedy to Plaintiff within 30 days after receipt of the §1782 notice.

71.

Plaintiff seeks actual and punitive damages for violations of the CLRA. In addition, Plaintiff is entitled to, pursuant to California Civil Code §1780(a)(2), an order enjoining the above-described wrongful acts and practices, restitution to Plaintiff MARTHA ARRIOLA, costs and attorneys' fees, and any other relief deemed appropriate and proper by the Court and under Civil Code §1780.

## PRAYER FOR RELIEF

72.

Plaintiff prays that a judgment be entered in favor of Plaintiff in such

- 15 -

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1  aggregate sum as will fairly and reasonably compensate Plaintiff for damages arising out of
2  the conduct of Defendants, and each of them, as described herein.  The conduct of
3  Defendants, and each of them, as alleged herein, was a direct, proximate and producing
4  cause of the damages to Plaintiff and the following general and specific damages:

5        1.    For general damages in a sum within the jurisdiction of this Court;
6        2.    For medical, hospital, and incidental expenses, according to proof;
7        3.    For loss of earnings and for loss of earning capacity, according to
8  proof;
9        4.    For punitive or exemplary damages;
10       5.    For such other relief as the Court deems just and proper.

11
12  DATED:  March 17, 2008.
13                                          HERSH & HERSH
                                            A Professional Corporation
14
15
16                                          By
17                                            RACHEL ABRAMS
                                              Attorneys for Plaintiff
18
19
20
21
22
23
24
25
26
27
28

- 16 -

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

# EXHIBIT B

1   DONALD F. ZIMMER, JR. (State Bar No. 112279)
2   KRISTA L. COSNER (State Bar No. 213338)
    DRINKER BIDDLE & REATH LLP
3   50 Fremont Street, 20th Floor
    San Francisco, California 94105
4   Telephone: (415) 591-7500
    Facsimile: (415) 591-7510
5
    Attorneys for Defendant
6   SMITHKLINE BEECHAM CORPORATION dba
    GLAXOSMITHKLINE
7
8
9                   SUPERIOR COURT OF THE STATE OF CALIFORNIA
10                     FOR THE COUNTY OF SAN FRANCISCO
11  MARTHA ARRIOLA,                        Case No. CGC-08-473387
12            Plaintiff,                    ANSWER TO COMPLAINT BY
                                            DEFENDANT SMITHKLINE
13       v.                                 BEECHAM CORPORATION dba
                                            GLAXOSMITHKLINE
14  SMITHKLINE BEECHAM
    CORPORATION dba
15  GLAXOSMITHKLINE; McKESSON
    CORPORATION; and DOES 1 through 15,
16  inclusive,
17            Defendants.
18
19                          __INTRODUCTION__
20       Defendant SMITHKLINE BEECHAM CORPORATION dba
21  GLAXOSMITHKLINE ("GSK") by and through counsel, hereby responds to the
22  allegations set forth by MARTHA ARRIOLA ("Plaintiff") in her Complaint for Damages
23  (the "Complaint") as follows:
24                         __GENERAL DENIAL__
25       By virtue of the provisions of California Code of Civil Procedure §431.30,
26  Defendant generally denies each and every allegation in the unverified Complaint that
27  relates to or is directed to Defendant or any of its alleged agents, servants or employees.
28  Defendant further denies that Plaintiff has been damaged to any extent or amount or is

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

MAR 2 1 2008

GORDON PARK-LI, Clerk
BY: _____MARY ANN MORANI_____
Deputy Clerk

1  entitled to any relief whatsoever from Defendant.

2  Defendant additionally denies that there is any law, fact, theory or contractual or

3  legal relationship under which Plaintiff is entitled to damages in any amount by this

4  answering Defendant.

5  Defendant further alleges the following affirmative defenses to Plaintiff's

6  Complaint:

7  **AFFIRMATIVE DEFENSES**

8  **FIRST AFFIRMATIVE DEFENSE**

9  **(Improper Venue)**

10  Venue is improper.

11  **SECOND AFFIRMATIVE DEFENSE**

12  **(Insufficiency of Process and Insufficiency of Service of Process)**

13  Process and service of process are insufficient under California law.

14  **THIRD AFFIRMATIVE DEFENSE**

15  **(Failure to State a Claim)**

16  Plaintiff's Complaint fails to state a claim upon which relief may be granted.

17  **FOURTH AFFIRMATIVE DEFENSE**

18  **(Preemption/Primary Jurisdiction)**

19  Plaintiff's claims are barred and/or this Court should defer this matter, in whole or

20  in part, pursuant to the doctrine of primary jurisdiction, in that the FDA is charged under

21  the law with regulating prescription drugs, including Avandia®, and is specifically

22  charged with determining the content of the warnings and labeling for prescription drugs.

23  The granting of the relief prayed for in the Plaintiff's Complaint would impede, impair,

24  frustrate or burden the effectiveness of such federal law and would violate the Supremacy

25  Clause (Art. VI, cl. 2) of the United States Constitution.

26  **FIFTH AFFIRMATIVE DEFENSE**

27  **(Statute of Limitations/Repose)**

28  Discovery may show that Plaintiff's claims are barred, in whole or in part, by

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\397566\1

2

applicable statutes of limitations, statutes of repose, the doctrine of laches and/or as a result of the failure to allege and/or comply with conditions precedent to applicable periods of limitations and repose.

### SIXTH AFFIRMATIVE DEFENSE

#### (Assumption of Risk)

Plaintiff knowingly and voluntarily assumed any and all risks as to matters alleged in the Complaint, and such assumption of the risk bars in whole or in part the damages Plaintiff seeks to recover herein.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Contributory/Comparative Negligence)

At all times mentioned herein, Plaintiff was negligent, careless, and at fault and conducted herself so as to contribute substantially to any alleged risk of injuries and damages. Said negligence, carelessness and fault of Plaintiff bars in whole or in part the damages which Plaintiff seeks to recover herein.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Equitable Defenses)

Plaintiff's claims are barred by the doctrine of laches, estoppel, waiver, unclean hands and/or failure to preserve evidence.

### NINTH AFFIRMATIVE DEFENSE

#### (Improper Party Defendant)

McKesson is not a proper party defendant to this action. McKesson was not involved with Avandia®, a product of GSK.

### TENTH AFFIRMATIVE DEFENSE

#### (Intervening, Superseding Cause)

The damages allegedly sustained by Plaintiff, if any, were not legally caused by Defendant, but instead were legally caused by intervening and superseding causes or circumstances.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Pre-existing Condition or Idiosyncratic Reaction)

The risk of injuries, if any, resulted from a pre-existing and/or related medical condition and/or idiosyncratic reaction and not from any act or omission by or on behalf of Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

### (Fault of Others)

Plaintiff's alleged injuries, losses, or damages, if any, were caused by the actions, negligence, carelessness, fault, strict liability, or omissions of third parties for which Defendant has no control or responsibility.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Learned Intermediary)

Plaintiff's claims are barred in whole or in part by the learned-intermediary doctrine.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Compliance with FDA Regulations)

At all times relevant, the product was in accordance with and pursuant to all applicable statutes and regulations, including those of the Food and Drug Administration.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Immunity for Prescription Drugs and Medical Devices)

The Complaint and each cause of action thereof are barred by the doctrine of immunity for prescription drugs and medical devices, by the Commerce Clause, Article I, Section 8, of the Constitution of the United States as an undue burden upon interstate commerce and/or by the preemption doctrine in that Plaintiff has asserted claims for relief which, if granted, would constitute an impermissible burden by this court on federal laws, regulations and policy relating to the development and marketing of prescription drugs and medical devices in violation of the Supremacy Clause, Article IV, Clause 2 of the Constitution of the United States.

1

2

3

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Restatements of Torts)

Defendant affirmatively pleads the application of the Restatement (Second) of Torts: Products Liability § 402A and comments thereto, and/or the Restatement (Third) of Torts: Products Liability §§ 2, 4 and 6 and comments thereto. Adequate warnings and complete warnings were provided to Plaintiff's prescribing physician, and therefore, the product was not defective or unreasonably dangerous.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (State of the Art)

At all times material hereto, Defendant's conduct and GSK's product, Avandia®, conformed to the state of the art.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Limitations on Punitive Damages)

With respect to Plaintiff's demand for punitive or exemplary damages, Defendant specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damages awards, including but not limited to, those standards of limitation which arose in *BMW of North America v. Gore*, 517 U.S. 559 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), and *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003), and *Philip Morris USA v. Williams*, 127 S.Ct. 1057 (2007).

## NINETEENTH AFFIRMATIVE DEFENSE

### (Punitive and Exemplary Damages Not Proper)

Plaintiff's claim for punitive damages violates, and it is therefore barred by, the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America on grounds including the following:

a.    it is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden

1   of proof which is less than the "beyond a reasonable doubt" burden of proof required in

2   criminal cases;

3           b.      the procedures pursuant to which punitive damages are awarded may result

4   in the award of joint and several judgments against multiple Defendants for different

5   alleged acts of wrongdoing, which infringes upon the Due Process and Equal Protection

6   Clauses of the Fourteenth Amendment to the United States Constitution;

7           c.      the procedures pursuant to which punitive damages are awarded fail to

8   provide a reasonable limit on the amount of the award against defendant, which thereby

9   violates the Due Process Clause of the Fourteenth Amendment to the United States

10  Constitution;

11          d.      the procedures pursuant to which punitive damages are awarded fail to

12  provide specific standards for the amount of the award of punitive damages which

13  thereby violates the Due Process Clause of the Fourteenth Amendment to the United

14  States Constitution;

15          e.      the procedures pursuant to which punitive damages are awarded result in

16  the imposition of different penalties for the same or similar acts, and thus violate the

17  Equal Protection Clause of the Fourteenth Amendment to the United States Constitution;

18          f.      the procedures pursuant to which punitive damages are awarded permit the

19  imposition of punitive damages in excess of the maximum criminal fine for the same or

20  similar conduct, which thereby infringes upon the Due Process Clause of the Fifth and

21  Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment

22  to the United States Constitution;

23          g.      the procedures pursuant to which punitive damages are awarded permit the

24  imposition of excessive fines in violation of the Eighth Amendment to the United States

25  Constitution;

26          h.      the award of punitive damages to plaintiff in this action would constitute a

27  deprivation of property without due process of law; and

28

1    i.    the procedures pursuant to which punitive damages are awarded permit the

2    imposition of an excessive fine and penalty.

3    ### TWENTIETH AFFIRMATIVE DEFENSE

4    #### (No Failure to Warn)

5    Defendant at all times discharged any duty to warn through appropriate and

6    adequate warnings in accordance with federal statutes and regulations and with the then-

7    existing states of medical and scientific knowledge.

8    ### TWENTY-FIRST AFFIRMATIVE DEFENSE

9    #### (Failure to Plead Fraud with Particularity)

10    Plaintiff has failed to plead a cause of action for fraud as she has not set forth

11    allegations of fraud with the requisite particularity.

12    ### TWENTY-SECOND AFFIRMATIVE DEFENSE

13    #### (Product Safety)

14    At all times relevant, Avandia® was not unreasonably dangerous or defective.

15    ### TWENTY-THIRD AFFIRMATIVE DEFENSE

16    #### (Failure to Join Necessary Party)

17    Complete relief cannot be accorded among those already parties and, in the

18    alternative, the disposition of this action without the presence of additional, unnamed

19    persons may result in Defendant being subject to a substantial risk of incurring double,

20    multiple, or otherwise inconsistent obligations.

21    ### TWENTY-FOURTH AFFIRMATIVE DEFENSE

22    #### (Set Off)

23    Defendant pleads as a set off any monies received by Plaintiff for injuries or

24    damages attributed to the subject incident, including, but not limited to, any insurance

25    proceeds.

26    ### TWENTY-FIFTH AFFIRMATIVE DEFENSE

27    #### (Lack of Causation)

28    Defendant asserts that its conduct did not cause, proximately cause, solely cause,

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SFI\397369\1

7

1  or solely proximately cause the injuries and/or damages alleged by Plaintiff.

2  **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

3  **(Good Faith)**

4  Defendant's acts were at all times done in good faith and without malice, with

5  respect to each and every purported cause of action in Plaintiff's Complaint.

6  **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

7  **(Unintentional Acts)**

8  Any alleged act or omission by Defendant concerning the manufacture,

9  distribution, marketing, and/or sale of Avandia® and/or any other conduct in relation

10  thereto was at all times unintentional and resulted from a bona fide error notwithstanding

11  the use of reasonable procedures adopted to avoid any such error, and Defendant made an

12  appropriate correction, repair, replacement, or remedy to the goods once notified of the

13  error.

14  **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

15  **(Conformity with Medical Knowledge)**

16  With respect to each and every purported cause of action in Plaintiff's Complaint,

17  Defendant alleges that the methods, standards, and techniques in the preparation of

18  GSK's product, Avandia®, were and are in conformity with the generally recognized

19  state of medical knowledge, common and accepted procedure in the medical field, and

20  state of the art at the time of their preparation.

21  **TWENTY-NINTH AFFIRMATIVE DEFENSE**

22  **(Equitable Indemnity)**

23  In the event Defendant is held liable to Plaintiff, which liability is expressly

24  denied, and any other entity is also found liable, Defendant is entitled to a percentage

25  contribution of the total liability from said entity in accordance with principles of

26  equitable indemnity and comparative contribution.

27

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\397366\1

8

## THIRTIETH AFFIRMATIVE DEFENSE

### (Proposition 51)

The liability of Defendant, if any, for Plaintiff's non-economic loss must be apportioned in accordance with the provisions of California Civil Code § 1431.2 ("Proposition 51").

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff's damages, if any, are barred in whole or in part by Plaintiff's failure to mitigate such damages.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (No Notice of Breach of Warranty)

Plaintiff failed to give notice of any alleged breach of warranty.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Disclaimer of Warranty)

Defendant alleges that any and all warranties that may form a basis for Plaintiff's claims for relief were adequately disclaimed as stated by Defendant.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (No Reliance on Warranties)

Defendant denies that Plaintiff relied on any warranties alleged in the Complaint.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Unavoidable Circumstances)

The alleged injuries and/or damages of Plaintiff, if any, were the result of unavoidable circumstances that could not have been prevented by anyone.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Misuse)

If Plaintiff sustained injuries or risk of injuries in this action, which allegations are expressly denied, the injuries or risk of injuries were solely caused by and attributable to the unintended, unreasonable, and improper use which Plaintiff made of the product.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

**(No Strict Liability for Prescription Drugs)**

The strict liability causes of action of Plaintiff's Complaint are subject to the limitations placed upon the doctrine of strict product liability for a purported design defect as set forth in *Brown v. Superior Court*, 44 Cal. 3d. 1049 (1988) and its progeny.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

**(*Buckman v. Plaintiff's Legal Community*)**

To the extent Plaintiff's claims are based on alleged misrepresentations or omissions made to the FDA, such claims are barred pursuant to *Buckman v. Plaintiff's Legal Community*, 531 U.S. 341 (2001).

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

**(Standing)**

Plaintiff lacks standing to bring some or all of the claims alleged in the Complaint.

**FORTIETH AFFIRMATIVE DEFENSE**

**(Unconstitutional Claims)**

Defendant alleges that granting Plaintiff's requested relief under the Consumers Legal Remedies Act, California Civil Code § 1750 et seq. ("CLRA"), would violate Defendant's rights under the United States and California constitutions.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

**(Adequate Remedy at Law)**

Plaintiff's causes of action under the CLRA, California Civil Code §1750, et seq., and the remedies sought thereunder, are barred because there is an adequate remedy at law.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

**(Failure to Give Preliminary Notice)**

Plaintiff has failed to comply with the CLRA notice requirements of California Civil Code § 1782.

1

## FORTY-THIRD AFFIRMATIVE DEFENSE

2

### (Choice of Law)

3   (a)    Plaintiff's claims are not governed by the laws of the State of California.

4   (b)    Defendant is entitled to the benefit of all defenses and presumptions

5   contained in, or arising from, any rule of law or statute of any other state whose

6   substantive law might control the action.

7

## FORTY-FOURTH AFFIRMATIVE DEFENSE

8

### (Other Defenses)

9        Defendant hereby gives notice that it intends to rely upon any other affirmative

10   defenses pled by any other defendant and not pled by itself in this action to the extent

11   they do not conflict with Defendant's own affirmative defenses. Defendant reserves its

12   right to amend its Answer to assert any additional defenses and matters in avoidance that

13   may be disclosed during the course of additional investigation and discovery.

14

## JURY DEMAND

15        Defendant requests a trial by jury of this matter.

16

## PRAYER FOR RELIEF

17        WHEREFORE, Defendant prays:

18        1.    That the Complaint be dismissed with prejudice as to the answering

19   Defendant and that judgment be entered in its favor;

20        2.    For costs of suit incurred herein;

21        3.    And for such other relief as the Court may deem just and appropriate.

22

23   Dated: March 21, 2008                    DRINKER BIDDLE & REATH LLP

24

25                                           DONALD F. ZIMMER, JR.
                                             KRISTA L. COSNER

26                                           Attorneys for Defendant
                                             SMITHKLINE BEECHAM
27                                           CORPORATION dba
                                             GLAXOSMITHKLINE

28

1

## CERTIFICATE OF SERVICE

2

I, LEE ANN L. ALLDRIDGE, declare that:

3

I am at least 18 years of age, and not a party to the above-entitled action. My

4

business address is 50 Fremont Street, 20th Floor, San Francisco, California 94105,

5

Telephone: (415) 591-7500.

6

On March 21, 2008, I caused to be served the following document(s):

7

8

## ANSWER TO COMPLAINT BY DEFENDANT SMITHKLINE BEECHAM CORPORATION dba GLAXOSMITHKLINE

9

by enclosing a true copy of (each of) said document(s) in (an) envelope(s), addressed as
follows:

10

☑ BY MAIL: I am readily familiar with the business' practice for collection and
processing of correspondence for mailing with the United States Postal Service. I

11

know that the correspondence is deposed with the United States Postal Service on
the same day this declaration was executed in the ordinary course of business. I

12

know that the envelope was sealed, and with postage thereon fully prepaid, placed
for collection and mailing on this date, following ordinary business practices, in the

13

United States mail at San Francisco, California.

14

☐ BY PERSONAL SERVICE: I caused such envelopes to be delivered by a
messenger service by hand to the address(es) listed below:

15

16

☐ BY OVERNIGHT DELIVERY: I enclosed a true copy of said document(s) in a
Federal Express envelope, addressed as follows:

17

☐ BY FACSIMILE: I caused such documents to be transmitted by facsimile
transmission and mail as indicated above.

18

19

Nancy Hersh
Mark E. Burton, Jr.

20

Rachel Abrams
Cynthia Brown

21

HERSH & HERSH
601 Van Ness Avenue, Suite 2080

22

San Francisco, CA 94102
Telephone: (415) 441-5544

23

24

I declare under penalty of perjury under the laws of the State of California that the

25

above is true and correct. Executed on March 21, 2008 at San Francisco, California.

26

LEE ANN L. ALLDRIDGE

27

28

**EXHIBIT C**

**MDL 1871**

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

7:23 am, Oct 16, 2007

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: AVANDIA MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION
Sharon Ann Dabon v. GlaxoSmithKline, Inc.,                )
E.D. Louisiana, C.A. No. 2:07-3041                         )    MDL No. 1871
Celenio Cruz-Santana v. GlaxoSmithKline, PLC, et al.,      )
D. Puerto Rico, C.A. No. 3:07-1461                         )

TRANSFER ORDER

Before the entire Panel*: Plaintiff in the action pending in the Eastern District of Louisiana, has moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the District of Puerto Rico or, alternatively, in the Eastern District of Louisiana. This litigation currently consists of moving plaintiff's action and one action pending in the District of Puerto Rico.[1] Plaintiff in the latter action supports centralization in the District of Puerto Rico. Plaintiffs in potential tag-along actions pending in the Central District of California, the Southern District of Florida, the District of New Jersey, the Southern District of New York, and the District of Puerto Rico have submitted responses in support of centralization. These plaintiffs suggest a variety of fora for transferee district, including the Southern District of Florida (favored by plaintiffs in the action pending in that district), the District of New Jersey (favored by plaintiff in the action pending in that district, as well as plaintiff in the Central District of California action), the Southern District of New York (favored by plaintiffs in eight actions pending in that district), and the District of Puerto Rico (favored by plaintiffs in the action pending in that district). Responding defendant SmithKlineBeecham Corp. d/b/a GlaxoSmithKline (GSK) initially opposed the Section 1407 motion, but now supports centralization in the Eastern District of Pennsylvania.

---

* Judge Heyburn took no part in the disposition of this matter.

[1] The Panel has been notified of 28 additional related actions pending in the Western District of Arkansas, the Central District of California (two actions), the Southern District of Florida (two actions), the Southern District of Illinois, the Southern District of Indiana, the Eastern District of Louisiana, the District of New Jersey, the Eastern District of New York, the Southern District of New York (ten actions), the Northern District of Ohio, the Eastern District of Oklahoma, the Eastern District of Pennsylvania, the District of Puerto Rico, the Eastern District of Tennessee, the Western District of Tennessee, and the Eastern District of Texas (two actions). These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

**OFFICIAL FILE COPY**

IMAGED OCT 16 2007

PLEADING NO. 22

-2-

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Both actions arise from allegations that certain diabetes drugs manufactured by GSK – Avandia and/or two sister drugs containing Avandia (Avandamet and Avandaryl) – cause an increased risk of heart attack and other physical injury, and that GSK failed to provide adequate warnings concerning that risk. Centralization under Section 1407 will eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We are also persuaded that the Eastern District of Pennsylvania is an appropriate transferee district for pretrial proceedings in this litigation. GSK's principal place of business is located in that district, and thus many witnesses and documents relevant to the litigation are likely to be found there. In addition, one of the potential tag-along actions was commenced in the Eastern District of Pennsylvania.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the two actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Cynthia M. Rufe for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

D. Lowell Jensen
Acting Chairman

John G. Heyburn II, Chairman*      J. Frederick Motz
Robert L. Miller, Jr.              Kathryn H. Vratil
David R. Hansen                    Anthony J. Scirica

**EXHIBIT D**

1 | DONALD F. ZIMMER, JR. (State Bar No. 112279)
2 | KRISTA L. COSNER (State Bar No. 213338)
  | DRINKER BIDDLE & REATH LLP
3 | 50 Fremont Street, 20th Floor
  | San Francisco, California 94105
  | Telephone: (415) 591-7500
4 | Facsimile: (415) 591-7510

5 | Attorneys for Defendants
  | SMITHKLINE BEECHAM CORPORATION dba
6 | GLAXOSMITHKLINE and McKESSON
  | CORPORATION

7

8 | UNITED STATES DISTRICT COURT

9 | EASTERN DISTRICT OF CALIFORNIA

10

11

12 | F.C. MITCHELL and MITSUKO     Case No.
   | MITCHELL, husband and wife; MARY
13 | RYON and JAMES RYON, wife and     **DECLARATION OF GREG YONKO IN**
   | husband; CARL HOUSTON and ALICE   **SUPPORT OF NOTICE OF REMOVAL**
14 | HOUSTON, husband and wife; JOSEPH  **AND REMOVAL ACTION, UNDER 28**
   | WOODS, SR. and BILLIE WOODS,       **U.S.C. § 1441(B) (DIVERSITY) and 28**
15 | husband and wife; DONALD WINTERS   **U.S.C. § 1441(C) (FEDERAL**
   | and KELLEY WINTERS, husband and    **QUESTION) OF DEFENDANT**
16 | wife; RAY STOCK, as surviving statutory **SMITHKLINE BEECHAM**
   | beneficiary for the wrongful death of   **CORPORATION dba**
17 | JOLENE STOCK; WILMA POLLARD, as    **GLAXOSMITHKLINE**
   | surviving statutory beneficiary for the
18 | wrongful death of KENNETH POLLARD,

19 |                    Plaintiffs,

20 |        v.

21 | GLAXOSMITHKLINE, a Pennsylvania
   | corporation; MCKESSON
22 | CORPORATION, a California Corporation;
   | and DOES 1-50,
23 |
   |                    Defendants.
24

25 |     I, GREG YONKO, declare:

26 |     1.     I am Senior Vice President - Purchasing for McKesson Corporation

27 | ("McKesson"), and make this declaration in support of the Notice of Removal and

28 | Removal Action of defendant SmithKline Beecham Corporation dba GlaxoSmithKline

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

1   ("GSK") based on my personal knowledge.

2       2.      I have been in my current position since 1997, and have been employed by

3   McKesson for over 25 years.  As Vice President of Purchasing, I am responsible for

4   purchasing prescription and non-prescription branded product management and

5   investment purchasing.

6       3.      McKesson was and is a Delaware corporation, with its principal place of

7   business in San Francisco, California.

8       4.      McKesson was served with the Summons and Complaint in this action on

9   February 11, 2008.

10      5.      McKesson consents to the removal of this action.

11      6.      McKesson is a wholesale distributor of pharmaceuticals, over-the-counter

12  and health and beauty products to chains, independent pharmacy customers and hospitals.

13  As a wholesale distributor, McKesson distributes products manufactured by others.  As to

14  Avandia®, McKesson does not manufacture, produce, process, test, encapsulate, label, or

15  package, these products, nor does it make any representations or warranties as to the

16  product's safety or efficacy.

17      7.      McKesson distributed Avandia®, manufactured by GSK, along with many

18  other products of other pharmaceutical companies, to certain drug stores, pharmacies,

19  health care facilities and hospitals throughout the United States.  As stated above,

20  McKesson did not manufacture, produce, process, test, encapsulate, label, or package

21  Avandia®, but only delivered the unopened boxes that contained the drug.

22      8.      McKesson is one of many suppliers who could have supplied Avandia® to

23  the numerous pharmacies throughout the United States.

24          I declare under penalty of perjury under the laws of the State of California that the

25  foregoing is true and correct, and this declaration was executed on March 5, 2008 in

26  San Francisco, California.

27

28

GREG YONKO

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

2